REBECCA FINNELL, Respondent, v. G. P. GOOCH, Administrator, Appellant.

Kansas City Court of Appeals, November 5, 1894.

1. **Parent and Child: CONTRACT: SERVICES.** Though a child renders valuable and necessary services to the parent in nursing and caring for him, the ordinary presumption of an agreement to pay for the services which obtains between strangers, does not rise, and no recovery can be had for such services, unless there is substantial evidence of such a contract between the parties as the law would enforce.

2. ———: ———: ——— : EVIDENCE. Where the evidence raises the presumption that the services were rendered and received with the expectation that the parent would compensate the child for the same, there is sufficient evidence to send the issue to the jury.

*Appeal from the Chariton Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*S. C. Major* and *Draffen & Williams* for appellants.

(1)   The demurrer to the evidence should have been sustained. The testimony falls far short of showing any contract between the deceased and his daughter, the plaintiff. The most that can be made out of the testimony is, that he felt grateful for the kind attentions of his daughter, and thought some-

thing of buying a farm upon which she and her family could live with him.  The evidence clearly shows that deceased regarded the whole matter as within his own volition.  Under the evidence plaintiff was not entitled to recover.  *Woods v. Land*, 30 Mo. App. 176; *Brock v. Cox*, 38 Mo. App. 40; *Callahan v. Riggins*, 43 Mo. App. 130; *Penter v. Roberts*, 51 Mo. App. 222; *Lander v. Hart*, 52 Mo. App. 177.  (2) "Loose declarations made to others, or even to the claimant himself, will not answer.  That which may be only an expression of intention is inadequate for the purpose.  It must have been the purpose of decedent to assume a legal obligation, capable of being enforced against him.  The ordinary expressions of gratitude for kindness to old age, weakness and suffering are not to be tortured into contract obligations."  *Woods v. Land, supra.*  (3) The fact, that during the many years deceased lived at the home of his grandson and daughter, the plaintiff, no bill or even demand was presented for board or care, repels any presumption of a promise, express or implied, to pay.  *Wood v. Land, supra*; *Falloon v. McIntyre*, 6 W. Rep. (Ill.) 217; *Hall v. Finch*, 29 Wis. 278.  (4) Even if it should be said that there is some evidence tending to support plaintiff's case, it is so slight and unsatisfactory, and the plaintiff's conduct in not asking for compensation while her father was alive and had money and her necessities were so great, is so utterly at variance with the existence of an indebtedness to her, that this court should set aside the verdict.  *Henderson v. Railroad*, 36 Mo. App. 109–114; *Garrett v. Greenwell*, 92 Mo. 120.

*A. W. Johnson* and *Crawley & Son* for respondent.

No error was committed by the trial court in submitting the case to the jury and the verdict and

judgment were for the right party. The proposition contended for by appellant, that the burden was upon the claimant to show that she intended to charge, and that her father expected to compensate her, for the services rendered, is undoubtedly correct. That proposition was the very one upon which the case was tried, as shown by the instructions. The evidence of the claimant's poverty and of her father's comfortable circumstances, would, of itself, be sufficient to repel the inference that he intended to impose himself upon her as a gratuitous burden; and when considered in connection with his repeated declarations of his purpose to pay her, and his knowledge that she expected it of him, the trial court could do nothing else than leave the jury to determine the weight and credibility of the testimony, and the amount, if anything, which plaintiff was entitled to recover. *Ramsey v. Hicks*, 53 Mo. App. 190; *Koch v. Hebel*, 32 Mo. App. 103; *Lippman v. Tittman*, 31 Mo. App. 69; *Reando v. Misplay*, 90 Mo. 251; *Hart v. Hart*, 41 Mo. 441.

SMITH, P. J.—This is an action which was brought in the probate court by the plaintiff against the defendant, who is the administrator of the estate of Edward Gooch, deceased. The cause was removed by appeal to the circuit court where there was a trial which resulted in a judgment for the plaintiff and from which the defendant has appealed. The sole ground of the defendant's appeal is, that the circuit court erred in refusing to instruct the jury at the conclusion of the evidence, to the effect that under the law and the evidence the verdict should be for defendant.

The evidence abundantly proves that in March, 1886, Edward Gooch, a feeble and decrepit man, a widower over eighty years of age, was left homeless by the removal from Missouri to Kansas of a grandson

with whom he had lived for some years. He then
went to reside with his daughter, the plaintiff in this
case, who was a widow past middle life, of humble
circumstances, who lived upon a rented farm near the
little village of Roanoke, and who looked to the labor
of a dutiful son then just coming of age, aided by her
own industry and frugality, for the maintenance of
herself and children in their simple home. Into this.
home her aged father was taken and made welcome.
He lived there continually from March, 1886, until his.
death, in March, 1893.

As to the weak and dependent condition of the old
man, his frequent illness, the constant and exacting
attention which his condition required, and the faithful
and unremitting kindness and devotion of his daughter
and her children to his needs, there is no question
made. It is conceded that plaintiff nursed him and
cared for him during these years, made the best provis-
ion for his comfort that her means allowed, treated him
with the utmost consideration and affection, and that.
her services were worth all that she claims.

It is clear that in consequence of the relation of the
plaintiff to the deceased that the ordinary presumption
of an agreement to pay for the services which the
former is conceded to have rendered the latter, does not
obtain. Unless the record discloses some substantial
evidence of an expectation on the part of the plaintiff
to receive, and on that of the deceased to pay, and that
the service was rendered and accepted in recognition of
such expectation, there ought to have been no recov-
ery. There must have been such a contract between
the parties as the law could enforce. The general rule
between strangers, that whenever service is rendered
and received, a contract of hiring, or an obligation to
pay, will be presumed, does not apply in a case of this
kind. The relationship of father and daughter exist-

ing between the parties raises the presumption that the services for which compensation is claimed were acts of gratuitous kindness prompted by daughterly affection. *Woods v. Land*, 30 Mo. App. 176; *Brock v. Cox*, 38 Mo. App. 40; *Callahan v. Riggins*, 43 Mo. App. 130; *Penter v. Roberts*, 51 Mo. App. 222. That there is some evidence tending to support the verdict will appear by reference to the following excerpts from the evidence presented by the record. A. M. Finnell testified that the decedent "came there and told her that this was the only place he had to go, the only child there was here, and if we took care of him and waited on him he would pay her for her trouble;" that, though the witness never heard the plaintiff, his mother, say anything about it, he heard his grandfather, the deceased, say that he "expected to pay her." Mary J. Mott testified, that at one time she heard a conversation between plaintiff and deceased in which plaintiff informed deceased that she expected compensation and to which he replied, "I expect you to be paid, I don't want you to wait on me for nothing." And at another time the witness heard a conversation in which deceased declared his purpose of compensating plaintiff for her services. Ida Beltz testified that she often heard deceased say that he wanted plaintiff to have a larger part of his estate than the rest of his children, to pay for her services and attention to him. He said he wanted to indemnify plaintiff and her family for their kindness to him.

The testimony further showed that the deceased had, during the six years he had lived with plaintiff, only bought for the use of her family about $20 in groceries and had given plaintiff $2.50 in money. The evidence of the plaintiff's poverty and the comparatively comfortable circumstances of the deceased, when considered in connection with the other evidence of

repeated declarations of his purpose to pay her and his knowledge that she expected it, would, it seems to us, go far towards raising the presumption that the services were rendered and received with the expectation that the deceased would compensate plaintiff for the same. Anyway, there was substantial evidence on both sides of the issue tried, and for that reason we are powerless to disturb the verdict.

We can not perceive from the record that there is such a preponderance of evidence against the verdict as necessarily to imply passion or prejudice on the part of the jury. The trial court could not have done more than to leave it to the jury, as it did, to determine the weight and credibility of the testimony and the amount, if any thing, the plaintiff was entitled to recover, and having done so the verdict must be regarded as conclusive on us.

It follows that the judgment must be affirmed. All concur.