ANNIE H. DOBBS, Respondent, v. M. M. CATES' ADMINISTRATOR, Appellant.

Kansas City Court of Appeals, January 14, 1895.

**Trial Practice:** CONTRACT: EVIDENCE. Plaintiff is the stepdaughter of Cates, deceased, being the daughter of his second wife; and, at his request did sewing, washing, etc., for his family while his third wife was in poor health, and the evidence tends to prove there was an understanding that Cates should pay a reasonable compensation therefor. *Held*, a demurrer to the evidence was properly overruled.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*Ira E. Barber, Wm. O. Mead* and *T. T. Loy* for appellant.

(1) The court should have sustained defendant's demurrer to the evidence and instructed the jury, as requested by the defendant, to the effect that under the testimony their finding should be for defendant. There is no substantial testimony to sustain the verdict of the jury, and is manifestly the result of ignorance, mistake, prejudice or corruption. *Doering v. Saum,* 56 Mo. 479. (2) The plaintiff in this case is a step-daughter of the defendant's intestate, and what she did, if anything, grew out of the family relationship, and not any contract, either express or implied. There is absolutely no testimony from which the existence of such contract could be inferred. *Potts v. Carpenter,* 76 N. Y. 157. (3) Where there is a close relation-ship, as in this case, even though services were per-formed by plaintiff, it does not raise a presumption of hire for a consideration, and the proof of an intention to charge by the plaintiff and an expectation on the part of the deceased to pay must be clear and strong. Lawson on Contracts, sec. 38.

No brief for respondent.

GILL, J.—Mrs. Annie Dobbs, the plaintiff, is the stepdaughter of M. M. Cates, who died in November, 1892. Shortly after the death of Mr. Cates, Mrs. Dobbs presented for allowance against his estate, an

account for sewing and other services performed by her during the five years preceding Cates' death.  The account was allowed in the probate court; was thence appealed to the circuit court, when, on a trial by jury, there was a verdict and judgment for plaintiff in the sum of $150, and the administrator has brought the case here by appeal.

The sole question is whether or not the trial court properly overruled a demurrer to the evidence.  At the close of plaintiff's case the defendant asked an instruction directing a verdict for defendant.  This was refused, and the correctness of that ruling is the matter for decision here.  In order to pass intelligently on the propriety of the court's ruling, we have, as our duty requires, carefully read the entire evidence as it was submitted below; and our conclusion is that the court was justified in submitting the case to the jury.

In the first place the testimony conclusively shows that Mrs. Dobbs performed valuable services for Mr. Cates during the last several years of his life, and, if entitled to recover, the amount awarded her by the jury is certainly within reasonable limits.  Cates, it seems, was married the third time, his second wife (who died in July, 1891) was plaintiff's mother.  The second Mrs. Cates was, during the performance of Mrs. Dobbs' services, in poor health, and Cates was compelled to secure some one to do the sewing, washing, etc., for the family.  Mrs. Dobbs resided in the neighborhood, and, answering the call of her stepfather, went frequently to the Cates home, did their washing, did the sewing, putting up fruit, etc.

In the next place the evidence tends to prove that there was an understanding at the time of the performance of this work, that Cates should pay and Mrs. Dobbs receive a reasonable compensation for such services.  The witnesses, coming from the immediate

neighborhood, testify to statements to that effect made by Cates, in their presence and to the plaintiff. The existence of these facts clearly warrants plaintiff's recovery. *Cowell v. Roberts*, 79 Mo. 218–221; *Callahan v. Biggins*, 43 Mo. App. 130; *Penter v. Roberts*, 51 Mo. App. 222.

It results that the judgment must be affirmed. All concur.