LYDIA V. CASTLE, Appellant, v. HENDERSON EDWARDS, Administrator, etc., Respondent.

Kansas City Court of Appeals, November 18, 1895.

Quantum Meruit: PARENT AND GRANDCHILD: EXPRESS PROMISE. Where a grandchild of some fifteen years resides with a grandmother, who acts *in loco parentis* and treats her as a member of her family, the law will not imply a promise to pay for services of such grandchild unless an express promise is shown; and mere loose expressions of gratitude by the grandmother, or an expectation of the child of some devise by will, will not authorize a recovery for such services.

*Appeal from the Andrew Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*Simmons & Keller, Booher & Williams*, and *David Rea* for appellant.

The case should have gone to the jury because of Mrs. Baker's request. Wood on Law of Master and Servant [2 Ed.], pp. 95, 124. *Jacobson v. Grange*, 3 Johns. 199; *Kinnebrew v. Kinnebrew*, 35 Ala. 628; *Parker v. Parker*, 33 Ala. 459; *Updyke v. Ten Broeck*, 32 N. J. L. 105; *Speers v. Sewell*, 4 Bush (Ky.), 239; *Jones v. Jincy*, 9 Grat. (Va.) 708; *Roberts v. Swift*, 1 Yeates (Penn.), 209; *Steel v. Steel*, 12 Pa. St. 64; *Zerber v. Miller*, 16 Pa. St. 488; *Granding v. Reading*,

10 N. J. Eq. 370; *Miller v. Miller,* 16 Ill. 296; *Bayliss v. Pricture,* 24 Wis. 651.   And all the circumstances of the case.   *Hart v. Hart, Adm'r,* 41 Mo. 441; *Smith v. Myers,* 19 Mo. 434; *Guild v. Guild,* 15 Pick. 130; *Heywood v. Heywood,* 47 N. H. 231; *Thornton v. Fisher,* 22 Wis. 93.   And especially because of Mrs. Castle's presence at interview between Mrs. Baker and J. F. Graham.   *Ferris v. Thall,* 72 Mo. *loc. cit.* 450; *Finnell v. Gooch,* 59 Mo. App. 209.   Also, because of the distant relationship of the parties.   Wood's Master and Servant, 123, 133, 143, 145; *Smith v. Myers, supra; Thornton v. LaGrange,* 66 Barb. (N. Y.) 507; *Hollowbushe's estate,* 13 Phila. (Pa.) 217; *Mellor v. Lanahan,* 6 Phila. (Pa.) 232; *Hart v. Hart, Adm'r, supra; Worton v. Rainey,* 82 Ill. 215; *Hauser v. Sain,* 74 N. C. 552, cited in Wood, 130, note.

*Casteel & Haynes* for respondent.

(1)   The ordinary presumption of an agreement or contract to pay for valuable services rendered does not obtain when the parties occupy a family relation, and the closer this relation the farther is the presumption removed.   Lawson on Presumptive Evidence, 75; *Miller's Appeal,* 100 Pa. St. 568; *Finnell v. Gooch,* 59 Mo. App. 209; *Ryan et ux v. Lynch,* 9 Mo. App. 18; *Woods v. Land,* 30 Mo. App. 176; *Brock v. Cox, Adm'r,* 38 Mo. App. 40; 26 Cent. Law Journal, 184; *Penter v. Roberts,* 51 Mo. App. 222; *Callahan v. Riggins,* 43 Mo. App. 130; *Smith v. Myers,* 19 Mo. 434.   (2)   Nor will loose declarations made to others, or even to the claimant herself, answer.   "The ordinary expression of gratitude for kindness to old age, weakness and suffering are not to be tortured into contract obligations." *Hartman's Appeal,* 3 Grant's Cases (Pa.), 271; *Woods v. Land,* 30 Mo. App. 176.   (3)   There must be a rec-

ognition of a contract by both parties. There must be an expectation, not only of the one to pay, but of the other to receive pay. *Scully v. Scully's Executor*, 28 Iowa, 548; *McGarvy v. Roods* (Iowa), 26 Cent. Law Journal, 184; *Finnell v. Gooch*, 59 Mo. App. 209; *Capp v Hardy*, 32 Mo. App. 588; *Woods v. Land, supra;* *Brock v. Cox, supra.* (4) Kinship and the family relation in its different phases, in the absence of circumstances indicating a contrary intention on the part of those concerned, will exclude the presumption of an implied promise to pay for services rendered. *Stout v. Perry*, 70 Ind. 501; *Greenwell v. Greenwell*, 28 Kan. 675; Bishop on Contracts [Ed. 1887], sec. 223; *Brock v. Cox*, 38 Mo. App. 176; *Finnell v. Gooch*, 59 Mo. App. 209. (5) If there was no evidence of a contract to pay appellant, nor evidence from which the jury might reasonably infer that there was such a contract, then the case was properly taken from the jury. *Ryan v. Lynch*, 9 Mo. App. 18; *Woods v. Land*, 30 Mo. App. 176; *Capp v. Hardy*, 32 Mo. App. 588; *Brock v. Cox, Adm'r*, 38 Mo. App. 40. The evidence fails to show that Henderson Edwards was ever appointed administrator of the estate of Lydia L. Baker, deceased, or that he ever entered upon the duties of such administrator, or that he ever took charge of the estate as administrator or otherwise, and, that being true, there could have been no recovery in the case. It is useless to cite authorities that all material allegations of the petition, not admitted by answer or otherwise, must be proved. A recovery can only be had against him as administrator, and it not being shown that he is the administrator, there can be no recovery.

GILL, J.—The plaintiff in this case was formerly Lydia Brown and the granddaughter of the deceased Lydia I. Baker, with whom she (the plaintiff) lived

from September, 1881, to May, 1890, at which last date she was married to Castle. The old lady Baker was for years prior to her death a widow and resided on her farm in Andrew county. In the same house there lived, also, a portion of the time, a married daughter and husband. Mrs. Baker died in December, 1891, and in the year 1893 plaintiff brought this suit in the probate court, whereby she sought to charge her grandmother's estate with the value of certain domestic services, alleged to have been performed from September 21, 1881, to May 24, 1890. She gave the account a lumping credit of $225, "paid at various times and in various amounts" and asked judgment for an alleged balance of $1,470.

At the conclusion of the plaintiff's evidence, the circuit court gave a peremptory instruction for the defendant and, from a judgment in accordance therewith, plaintiff appealed.

A review of the testimony given at the trial of this case convinces us of the correctness of the trial court's ruling. In addition to what we have already stated, it clearly appears that in 1881 the plaintiff (then a mere girl of 15 or 16 years) went to reside with her grandmother, who, thence on, assumed and continued towards her *in loco parentis*. She was in every respect treated as a member of Mrs. Baker's family; was fed, clothed, protected and educated as though a daughter of the old lady. Indeed, the parental care which Mrs. Baker exercised towards her grandchild, the solicitude manifested for her education, her comfort and training, seem to have surpassed what might have been reasonably expected of those more nearly related.. We may say, then, as was said by Judge RYLAND in *Guenther v. Birkichts' Adm'r*, 22 Mo. 439, that: "The books are full of cases to show that, under such circumstances, the law will not imply a promise to pay for services

thus rendered, or permit a recovery, unless an express promise is shown, or *something* to prove that such was the expectation of both sides." The services performed by one member of a family for another are presumed to be mere acts of gratuitous kindness, with no expectation of pecuniary reward. And before there can be recovery in such cases, this presumption must be overthrown by proof that a moneyed compensation was, at the time, intended by both parties.

We seldom pass a term without being called on to declare these principles. It is only necessary to refer now to a few of the late cases where the authorities will be found collated. Supplementary to the *Guenther* case, *supra*, see: *Woods v. Land*, 30 Mo. App. 176; *Callahan v. Riggins*, 43 Mo. App. 130; *Penter v. Roberts*, 51 Mo. App. 222; *Finnell v. Gooch*, 59 Mo. App. 209; *Dobbs v. Cates' Adm'r*, 60 Mo. App. 320.

No unbiased mind can, we think, gather from this testimony any substantial proof that pecuniary compensation was ever intended, whilst plaintiff lived in the family of her grandmother. The loose expressions of gratitude uttered by Mrs. Baker during her life are not sufficient for that purpose. More than this, there is not a syllable of evidence even *tending* to prove that the plaintiff ever entertained the idea that she was engaged with her grandmother for hire. It may be that there was an expectation that the old lady would, at her death, devise or bequeath the plaintiff something; but a disappointment in that direction can not be used to sustain a claim based on contract. *Swires v. Parsons*, 5 Watts & Searg. (Pa.) 357; *Guenther v. Birkichts' Adm'r*, 22 Mo. 446.

We hold, with the lower court, that the evidence made no case for the plaintiff, and the judgment will be affirmed. All concur.