## J. F. ELKINS v. THE STATE.

### No. 1179.   Decided November 20th, 1895.

**Theft—Fraudulent Removal From Accustomed Range—Voluntary Return.**

In view of the conflict in previous decisions with regard to the voluntary return of stolen animals removed from their accustomed range, the court announced the following rules upon the subject: (1) If the accused remove the animal from its accustomed range with intent to defraud, and voluntary return the same, the milder punishment provided for in Article 738, Penal Code, should be inflicted. (2) Where the proof shows that the accused has been detected in the theft, and the property discovered in his possession, it is too late to make a voluntary return. (3) The proof must show that the accused was aware of his detection in order to deprive him of the milder punishment under a voluntary return.

APPEAL from the District Court of Bell. Tried below before Hon. W. A. BLACKBURN.

Appellant, J. F. Elkins, and W. O. Finley were jointly indicted on the 17th day of July, 1895, by the grand jury of Bell County, Texas, charging them with the theft of a horse on July 8th, 1895, the property

of W. A. Wilmeth. July 16th, 1895, at the same term of the court, defendant, J. F. Elkins, was alone placed on trial, W. O. Finley not having been arrested. A conviction followed, with two years in the penitentiary assessed against him as punishment.

*G. M. Felts* and *McMahon & McMahon*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted in the court below of removing from its accustomed range a certain mare, the property of one Wilmeth, with intent to defraud, which, by Article 749, Penal Code, is made theft, and given two years in the state penitentiary. Appellant relies upon one ground alone for the reversal of this judgment, viz: That the court erred in refusing to instruct the jury in regard to a voluntary return of the property. We hold: First, that if the accused remove property from its accustomed range with intent to defraud, and voluntarily return the same, then the milder punishment provided for in Article 738 of the Penal Code should be inflicted; second, where the proof shows that the accused had been detected in the theft, and the property discovered in his possession, it is too late to make a voluntary return. We are aware that the decisions of this court are in confusion on this subject; yea, in conflict. We have read them all, and deduce the above rule from the weight of these authorities, and all cases in conflict with this opinion are overruled. The facts in this case show very clearly that the stolen animal had been found in the possession of appellant, and that he was aware of the fact. We do not intend to be understood as holding that, in the voluntary return of property, the thief may not be actuated by both penitence and fear of punishment, in order to avail himself of the lighter punishment, but his act of return must be voluntary, and this must be exercised, as stated above, before he has been detected as the thief, and in possession of the property. The proof must show that he was aware of the detection in order to deprive him of the milder punishment under a voluntary return. This is the only question in this case, and the court did not err in refusing to charge that phase of the case. The judgment is affirmed.

*Affirmed.*