GEORGE E. LEWELLYN, Appellant, v. CHARLES T. LEWELLYN, Executor, Respondent.

### St. Louis Court of Appeals, January 24, 1899.

Practice Trial: INSTRUCTIONS. In the case at bar both of the instructions proffered by plaintiff directed a finding in his favor, leaving out of view the issue (presented by proof of his relationship and other circumstances) as to whether or not he intended to charge for his services. This omitted issue, as well as the substance of plaintiff's refused instruction were embodied in an instruction given by the court, held, that the trial court correctly refused plaintiff's said instruction.

*Appeal from the Clark Circuit Court.*—HON. EDWIN R. McKEE, Judge.

AFFIRMED.

CHARLES HILLER and BLAIR & MARCHAND for appellant.

Where services are rendered the law implies a promise to pay for them, unless it be agreed or inferred from the circumstances that the services were to be rendered without compensation. There is no such agreement or inference in this case and plaintiff's instructions numbers 1 and 2 should have been given. Dougherty v. Whitehead, 31 Mo. 255. No express contract being shown, plaintiff was entitled to receive what his services were reasonably worth. Crole v. Thomas, 19 Mo. 70.

W. T. RUTHERFORD for respondent.

The court properly refused plaintiff's instructions numbered 1 and 2. Kinner v. Tschirpe, 54 Mo. App. 575, and cases there cited; Callahan v. Riggins, 43 Mo. App. 130: Finnell v. Gooch, 59 Mo. App. 209. The court did not commit error in giving defendant's instructions numbered 1, 3 and 4. Woods v. Land, 30 Mo. App. 176; Kinner v. Tschirpe, 54 Mo. App. 575; Smith v. Myers, 19 Mo. 434;

Koch v. Hebel, 32 Mo. App. 103; Brock v. Cox, 38 Mo. App. 40; Cheek v. Waldron, 39 Mo. App. 21.

BOND, J.—The plaintiff is a physician. He exhibited the following account in the probate court against the estate of his deceased father, to wit:

"Charles T. Lewellyn, executor of the estate of Jacob W. Lewellyn, dec'd, in account with George E. Lewellyn, M. D., 1893.

"Dr.

| | | |
|---|---|---:|
| May 11 | For board, washing and nursing of deceased to May 18...................... | $5.00 |
| " " | For medical attention and medicine to May 18 ........ ...... ...... ...... | 7.50 |
| " 18 | For board, washing and nursing to May 25. | 5.00 |
| " " | For medical attention and medicine to May 25 .. .. ...... ...... ...... | 7.50 |
| " 25 | For board, washing and nursing to June 1.. | 5.00 |
| " " | For medical attention and medicine to June 1...... ...... ...... .. | 7.50 |
| June 1 | For board, washing and nursing to June 8... | 5.00 |
| " " | For medical attention and medicine to June 8...... .... .... ...... ........ | 7.50 |
| " 8 | For board, washing and nursing to June 15. | 5.00 |
| " " | For medical attention and medicine to June 15.... .... .... .. .. ........ | 7.50 |
| " 15 | For board, washing and nursing to June 22.. | 5.00 |
| " " | For medical attention and medicine to June 22.... .... .... ........... | 7.50 |
| " 22 | For board, washing and nursing to June 29.. | 5.00 |
| " " | For medical attention and medicine to June 29.... .... .... ........... | 7.50 |

| | |
|---|---:|
| | $87.50 |
| Amount over ...................... | $87.50 |
| June 29, 1893, board, washing and nursing to July 5. | 2.50 |
| " " Medical attention and medicine July 5.... | 4.50 |
| Nov. 16, 1894 For surgical examination and operation for scrotal abscess.... ........ | 10.00 |

| | |
|---|---:|
| Amount claimed.... .... .... ............. | $104.50 |

The administrator denied the justice of the account and pleaded a set-off of $9.40. The probate court, after hearing the evidence, allowed $86.10 of plaintiff's demand, and ordered it placed in the fifth class of demands against the estate, from which ruling the administrator appealed to the circuit court. Upon a trial there plaintiff gave evidence tending to prove the reasonableness of the charge contained in the above account, except the last item, as to which no evidence was offered. Defendant introduced in evidence the following letter admitted to have been written by plaintiff to his father:

"Nov. 14th, '93.

"J. W. Lewellyn, Esq., Kahoka, Mo.

"Sir:—I herewith enclose an order from Judge Foley to pay the $6.30 to me—also a rec't for the $10.00 you claim I owe you—I paid Martin for you $5.25—keep out of this order $4.75 and pay over to the Madam $1.55. Sign this receipt and send to me when we will be even in black and white though I am out $10.00 in money.

"G. E. Lewellyn."

Thus to Martin .... .... ................$5.25
To order .... .... .... .... ............ 6.30
Rec'd (you say) ................ ... ......    $10.00
                                         _____
                                         $11.55 $10.00
                                         _____

Balance due me .................... $1.55

Plaintiff introduced in evidence the following receipt:

"Winchester, Mo., Nov. 14, 1893.

"Rec'd. of G. E. Lewellyn, ten (10) dollars, being in full of all damages ag'st him to this date, of collections made by him for me.                      J. W. Lewellyn."

The jury returned a verdict for defendant, from which this appeal is prosecuted.

The errors assigned relate solely to the refusal of two instructions requested by plaintiff, and to the giving of others for the defendant, and of the court's motion. As to the first complaint it is sufficient to say that both of the instructions proffered by plaintiff directed a finding in his favor leaving out of view the issue (presented by proof of his relationship and other circumstances) as to whether or not he intended to charge for his services. Ronsiek v. Boverschmidt, 63 Mo. App. 421; Kostuba v. Miller, 137 Mo. 161; Kinner v. Tschirpe, 45 Mo. App. 575; Finnell v. Gosch, 59 Mo. App. 209. This omitted issue, as well as the substance of plaintiff's refused instructions, were embodied in an instruction given of the court's motion. The point under review is, therefore, ruled against appellant.

Neither did the court err in giving the instructions requested by defendant. The only objection to these urged in appellant's proof is that they were not authorized by the evidence. This is not well taken. There was no evidence tending to prove that plaintiff kept any book account of the items of charge contained in the demand sued on. It did appear that his father was living with him when the services were rendered, and that a full settlement was had between them, as shown by the foregoing letter of plaintiff. It also appears that plaintiff gave no evidence whatever tending to prove the last item of his demand. The instructions given for defendant were predicated upon this view of the evidence, and the law applicable thereto was correctly announced, hence the court committed no error in submitting to the jury the issues arising from the foregoing evidence. Finding no reversible error in the record, the judgment is affirmed. All concur.