### NICK WARE v. THE STATE.

No. 3179.   Decided February 1, 1905.

**Theft Under Value of $50—Voluntary Return of Stolen Property.**

Where the defendant denied to the owner that he had the alleged stolen money, having notice as to who was the owner, and also denied to the officer subsequently that he had the money, and only produced it after he was threatened with arrest, saying he had found it, etc., the facts do not constitute a voluntary return, and the court correctly refused a charge on that subject.

Appeal from the County Court of Johnson.   Tried below before Hon. J. D. Goldsmith.

Appeal from a conviction of theft of property under the value of $50; penalty, a fine of $1.50 and ten days confinement in the county jail.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of lost property: Robinson v. State, 11 Texas Crim. App., 403; Martiner v. State, 16 Id., 122.

HENDERSON, JUDGE.—Appellant was convicted of the theft of property under the value of $50 and his punishment assessed at a fine of $150 and ten days in jail.

The facts show that prosecutor lost $45, as he alighted from his buggy, near his saloon; that appellant shortly afterwards came by and a State's witness saw him pick up a package of money, and put it hurriedly in his pocket. He then walked into the saloon where prosecutor was, and proposed to settle the bill he was due prosecutor. Prosecutor looked for the account, and discovered the loss of his money; went out to the buggy and his little boy told him what he had seen. He then came back and charged appellant with the theft of his money, which appellant denied. Appellant subsequently left, and went over to the depot, was there in company with two other parties. Prosecutor in the meantime called an officer, and informed him of the circumstances. The officer went over where appellant was, and charged him with the

theft of the money, which appellant denied. Prosecutor then threatened him with the jail, and appellant told him he would get the money, that he had given it to one of the parties who was there with him before he came up, to wit, Osborn Shaw. They found Osborn Shaw and he produced the $45. Appellant testified that he found the money not at the buggy but in the saloon, and did not know whose it was. He told prosecutor when he inquired of him if he had his money that he did not know he had his money. He testified he did not know whose money it was, but he intended to keep it until the right one called for it. Appellant also claimed that the property was voluntarily returned, and the court should have charged on that feature of the case. There is no bill of exceptions in the record.

The only question that requires consideration is, whether the court erred in not giving the charge on the voluntary return of stolen property. As to this proposition, we do not believe that this issue was raised by the testimony. Appellant denied to the owner that he had the property which he had acquired under the circumstances evidently charging him with notice that prosecutor was the owner. Subsequently be denied to the officer McLean that he had the money, and he only produced it when he was informed that he was liable for stealing lost property, just the same as if he stole it from the person; that if he did not produce it, the officer threatened him with the jail. These facts do not constitute a voluntary return. Elkins v. State, 35 Texas Crim. Rep., 206. In that case it was conceded that the authorities in this State were in conflict, and to settle the question, the doctrine was announced that before one who had stolen property could avail himself of the statute with reference to the voluntary return, and so obtain the lighter punishment; that his act of return must be voluntary, and that it must be exercised before the thief has been detected as the thief and found in possession of the property. The proof must show that he was aware of the detection in order to deprive him of the milder punishment under voluntary return. In accordance with the law as laid down in said case there was no voluntary return here; and the court did not err in failing to give a charge on that subject. An examination of the record fully discloses that the testimony is ample to sustain the verdict. We have summarized it heretofore, and it is not necessary to reiterate the same.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, absent.