MAGGIE J. CARRELL, Respondent, v. MICHAEL J. McDONNELL, Appellant.

Kansas City Court of Appeals, November 15, 1909.

1. CONTRACT: Services: Compensation. Plaintiff, a married woman living with her husband was requested by her father to come to his home and work. She left her own home and went to that of her father's and rendered services for several years. The father, before any services were rendered, promised the daughter that he would do what was right, and after a period of about three years, he then promised that he would pay for anything she did for him. *Held*, that she was entitled to recover the reasonable value of the services rendered.

2. PLEADINGS: Variance: Instructions. It was not error to instruct the jury that they might allow plaintiff compensation for her services from March 1, 1899, where the petition alleged that such services began September 1, 1899, because it was a mere variance and was not misleading, and worked no surprise to defendant.

Appeal from the Andrew Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*J. C. Growney* for appellant.

The evidence adduced in this case abundantly shows that the relation of parent and child existed between appellant and respondent. Under such circumstances appellant contends that the trial court committed a serious error against him in giving to the jury instruction numbered one, in behalf of respondent. This instruction told the jury that if they believed from the evidence, defendant requested plaintiff to work for him in and about his home, and that upon such request being made of her, she went to the home of defendant and there rendered any services, then she is entitled to recover in this action. Such is not the law in Missouri, as time and time again, declared by the Supreme and appellate courts of this State. Lauder v. Hart, 52 Mo. App. 377; Finnell v. Gooch, 59 Mo. App. 209; Castle v. Edwards, 63 Mo. App. 564; Shannon v. Carter, 99 Mo. App. 134; Sprague v. Sea, 152 Mo. 327; Lillard v. Wilson, 178 Mo. 145; Eisiminger v. Stanton, 129 Mo. App. 403. Respondent in her petition alleges the contract sued on to be made September 1, 1899. In her evidence she says the alleged contract was made March 1, 1899, and instruction No. 1 on respondent's behalf sends the case to the jury on the theory of the alleged request of March 1, 1899. Appellant contends this was error. The allegations of the time when the contract is made, is descriptive of that which is material, and our code with all its comprehensive liberality will not permit the plaintiff to sue on an alleged agreement made September 1, 1899, and recover on one alleged to be made March 1, 1899, as was done in this case. Fields v. Hunter, 8 Mo. 128; Veach v. Norman, 109 Mo. App. 394; Cole v. Armor, 154 Mo. 333; Harl v. Martin, 8 Mo.

188-9; Grant v. Winn, 7 Mo. 188-9; Whipple v. B. & L. Ass'n, 55 Mo. App. 557.

*K. D. Cross* and *L. C. Cook* for respondent.

Appellant's first point goes to the form of the instructions given by the trial court, and which he contends are erroneous, and cites a number of authorities to sustain his position. We contend that these authorities are not in point, and do not condemn the instructions given. They are mostly to the effect, that where a child is living with the parent, sustaining the family relation, and render services for the parent, such services are presumed to be acts of gratuitous kindness. Such, we concede to be the trend of authorities in this State. If, under such circumstances, services are rendered, as in the cases cited by appellant, the birth of the child in the home, its growing to maturity there, and remaining in such home, even after maturity, never severing the family relations, then, it may be justly said that the presumption remains. If respondent's testimony is true, then the above doctrine, and cases cited have nothing in common with the case at bar. But appellant complains because plaintiff's first instruction did not mention the presumption. The deficiency in an instruction may be properly supplied by looking to other instructions in the case. Dougherty v. Railroad, 97 Mo. 647. The failure to embrace all the issues in a case in one instruction is not an error, if they are included in a series of instructions given, and these, as a whole, are the law. Muehlhausen v. Railroad, 91 Mo. 332. In determining whether the judgment should be reversed for error in an instruction, such instruction should be read in connection with all the instructions given in the case. Noble v. Blount, 77 Mo. 235; Schooler v. Schooler, 18 Mo. App. 69; Smith v. Culligan, 74 Mo. 387; Easley v. Railroad, 113 Mo. 236; Burdoin v. Trenton, 116 Mo. 358; Meade v. Railroad, 68 Mo. App. 92. That which is omitted in one instruction may be

supplied by another, and if the whole are consistent and correct it is sufficient. Swan v. Lullman, 12 Mo. App. 583; Roos v. Clark, 14 Mo. App. 594.

BROADDUS, J.—This is a suit to recover for the value of plaintiff's services rendered by plaintiff on an alleged contract had with defendant.

The plaintiff is the daughter of defendant and was married prior to the 1st day of March, 1899, and was living with her husband and child separate and apart from defendant.

Plaintiff's evidence went to prove, that she left her own home and at the request of defendant and took up her abode with him. The request mentioned was in the form of a letter, the contents of which were to the effect that defendant would like for plaintiff to come home; that her sister was there but she would not stay and if plaintiff would come home he would fix things up right for her; and to come home and stay that her mother was not able to do anything. Plaintiff in a short time thereafter sold her household goods, broke up her home and went to Maryville. The defendant met her at the depot and took her to his farm. After she got to the farm the parties talked the matter over and defendant said to her: "If you will stay with us from now on I will do right by you. I will give you plenty. If you will stay with us I will do right by you. Help me with the chores and help me with the work." She worked for defendant from that time, doing the household work and also that of a farmhand. She continued in defendant's services until July, 1902, a period of three years and four months when she quit for a time on the ground that her health had broken down. She left defendant's farm and with her husband and child established themselves in a home in Maryville. She there followed the business of a dressmaker in which she earned from one dollar to one dollar and a half a day.

On October 1, 1903, defendant went to her home and solicited her to go back to the farm and upon her hesitation to consent to do, he said to her: "Well, you will get pay for everything you've done for me. They won't stay with me. Won't you come back for your mother's sake, for God's sake."

Plaintiff again broke up her home and with her child went back to the farm and resumed her former labors. She remained, performing such services, as has been described until February 1, 1908, a period of four years and four months, which with that she had formerly performed aggregated ninety-two months of service. Disagreements arose then between herself and sister who had returned to the farm and whose husband had died in the meantime, and she left the farm again. That plaintiff rendered important service is well attested by her neighbors who were witnesses in her behalf, and there was evidence going to prove the value of her services. As the case was tried before a jury we deem it unnecessary to set out defendant's testimony as their verdict settled the questions of fact in issue. The jury returned a verdict for plaintiff in the sum of $1,515, upon which judgment was rendered and defendant appealed.

The court instructed the jury in substance that if plaintiff rendered services for defendant at his request she was entitled to recover for the reasonable value of such services. It is contended that the instruction is radically wrong. The theory of appellant is that plaintiff was the daughter of defendant and that the law presumes, in the absence of an understanding that defendant was to pay and the other was to receive pay for her services, that such were rendered gratuitously. [Louder v. Hart, 52 Mo. App. 377; Finnell v. Gooch, 59 Mo. 209; Castle v. Edwards, 63 Mo. App. 564.] There is no disputing the rule which defendant has invoked, but it does not govern under the facts in this case.

There are authorities of the most direct bearing

holding, that plaintiff is entitled to recover under the facts. The plaintiff was not a member of defendant's family, and as the services were rendered at defendant's request there was an implied contract that she would receive compensation therefor. We have a case in this State much in point. It is there said: "Where in an action by decedent's daughter for services, plaintiff's evidence showed that she came home at her father's request, and began work with the understanding that she was to receive compensation, it was not error to instruct that she could recover for services from the time she began work up to the death of her father." [Shannon v. Carter, 99 Mo. App. 134.] Where the evidence raises the presumption that the services were rendered and received with the expectation that the parent would compensate the child for the same, there is sufficient evidence to send the issue to the jury." [Finnell v. Gooch, supra.] It is held in cases like this "that the relation of the parties did not make them members of the same family; and therefore takes the case out of the rule that services rendered another by a child or a member of his family are presumed to be gratuitous." [Lillard v. Wilson, 178 Mo. 145.]

The defendant argues however that under the instruction the jury were authorized to find for respondent without first finding that the services were performed under and by virtue of a contract either expressed or implied. This is a misapprehension, because the instruction requires that there must have been a request to plaintiff to perform the services, before she was entitled to recover; and as such a request raises an implied contract to pay for them the instruction is not subject to criticism. And this rule is particularly applicable to the facts of this case as plaintiff was not a member of defendant's family and there existed no presumption that such services were to be performed gratuitously.

We pass over the objection made to instruction numbered two given for plaintiff as we do not think there is any kind of error contained therein.

Instructions numbered three, four and five we are fully persuaded are properly worded and contain correct directions to the jury in arriving at a verdict; and there was no error in telling the jury they might allow plaintiff compensation for her services from March 1, 1899, the petition alleging that such services began September 1, 1899, because it was a mere variance and was not misleading and worked no surprise to defendant.

Finding no error the cause is affirmed. All concur.