### GEORGE LAWRENCE v. THE STATE.

No. 5691. Decided March 3, 1920.

**1.—Incest—Other Acts of Intercourse.**

Where, upon trial of incest, there was no testimony controverting that of the prosecutrix as to the act of sexual intercourse, testimony as to other acts of sexual intercourse was inadmissible. Following: Bradshaw v. State, 82 Texas Crim. Rep., 151, 198 S. W. Rep., 942.

**2.—Same—Accomplice—Requested Charge.**

Where, upon trial of incest, the evidence showed that prosecutrix lived with her mother and made no complaint or outcry at any time, and the trial judge submitted to the jury the question as to whether her evidence was to be governed by the rule of accomplice testimony, but the defendant requested a more specific charge, the same should have been granted under the facts of the instant case. Following: Wingo v. State, 85 Texas Crim. Rep., 118, 210 S. W. Rep., 547.

Appeal from the District Court of Montgomery. Tried below before the Hon. D. F. Singleton, judge.

Appeal from a conviction of incest; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*McCall & Crawford*, for appellant.—On question of insufficiency of the evidence: Burford v. State, 68 Texas Crim. Rep.. 295 151 S. W. Rep., 538; Pate v. State, 93 id., 556, and cases cited in the opinion.

On question of requested charge as to corroboration: Clifton v. State, 46 Texas Crim. Rep., 18; Bohannon v. State, 204 S. W. Rep., 1165, and cases cited in the opinion.

*Alvin M. Owsley*, Assistant Attorney General, for the State.—On question of other acts of sexual intercourse: Skidmore v. State, 57 Texas Crim. Rep., 497; Vickers v. State, 75 Texas Crim. Rep., 12, 169 S. W. Rep., 669; Bohannon v. State, 204 S. W. Rep., 1165; Alexander v. State, 82 Texas Crim. Rep., 431.

On question of argument of counsel: Love v. State, 68 Texas Crim. Rep., 228, 150 S. W. Rep., 920.

MORROW, Judge.—The appellant was convicted of incest. The prosecutrix is his step-daughter, Lucile Carter, a girl fifteen years of age, according to the evidence. The parties are negroes. The date of the offense is laid August 6, 1918; and the prosecutrix testified that about that date appellant had intercourse with her. They were together in a wagon. She said that he told her to get straddle of a board. She told him she didn't want to, and he hit her on the side of the head with his hand, and pulled her up between his legs and had intercourse with her. She testified also that on another occasion, two weeks later, they were in the field together, and he just threw her down, pulled up her dress, and had intercourse with her. A baby was born on the last day of the year 1918. The one witness testifying about the birth of the child was an old negro woman who claimed to have had experience in such matters. She expressed the opinion that it was a six-months child. She said it was well developed, parts regular—face, eyes, nose, eyelashes, toe nails, and finger nails—nothing wrong except that it was bloody on the top of the hand. Said the finger nails were grown out, but not grown out right.

The appellant introduced no evidence, and developed no facts controverting the testimony of the prosecutrix as to the act of intercourse. We discern no valid reason for introducing evidence of more than one act of intercourse. This was done over the objection of appellant, and we think was error. It served to establish no controverted issue. Bradshaw v. State, 82 Texas Crim. Rep., 351, 198 S. W. Rep., 942.

The prosecutrix lived with her mother, and the record fails to disclose that she made any complaint or outcry at any time. The trial judge submitted to the jury the question as to whether her evidence was to be governed by the rule of accomplice testimony. The appellant requested a more specific charge. We think this request should have been granted, and the jury instructed in such manner that they would understand that the testimony of the prosecutrix, indicating that she was opposed to the first act of intercourse, would not exempt her evidence from the rule of accomplice testimony, but that this rule would operate if from the whole evidence it appeared that the act of intercourse could not have occurred without her consent. See Wingo v. State, 85 Texas Crim. Rep., 118, 210 S. W. Rep., 547, and cases therein referred to.

The errors pointed out require a reversal of the judgment, which is ordered.

*Reversed and remanded.*