# JUNE, 1920

### O. H. Greer v. The State.

No. 5450.  Decided June 2, 1920.

**Rape—Evidence—Prior Acts of Sexual Intercourse.**

Upon trial of rape upon a female under the age of consent, testimony of former acts of intercourse running back for five or six years in different places were inadmissible in evidence and constitute reversible error, the act of intercourse set out in the indictment being shown by the girl by positive evidence with some sustaining evidence from other witnesses. Following Bohannan v. State, 84 Texas Crim. Rep., 8, and other cases.

Appeal from the District Court of Bexar. Tried below before the Honorable W. S. Anderson.

Appeal from a conviction of rape upon a female under the age of consent; penalty: twenty years imprisonment in the penitentiary.

The opinion states the case.

*W. C. Linden,* for appellant.

*E. A. Berry,* Assistant Attorney General, and *D. A. McAskill,* and *W. S. Anthony,* for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of rape upon his daughter, a girl just under fifteen years of age, and allotted twenty years in the penitentiary.

There was no exception reserved to the court's charge, and several of the bills are so qualified by the judge that they present no reversible error. They are not, therefore, discussed.

By a bill of exceptions the question is presented that the court erred in admitting evidence of prior acts of intercourse between the father and daughter, running back for five or six years, some occurring at Beaumont, some in Williamson County and some in San Antonio. The details of these acts are unnecessary to be stated. Ap-

pellant objected on various grounds. The court signs the bill of exceptions with the statement that he admitted these acts under the holding of this court in Hamilton v. State, 36 Texas Crim. Rep., 372. The Hamilton case was overruled in Barnett v. State, 44 Texas Crim Rep., 593. The rule laid down in the Barnett case seems to have been generally followed. See Hackney v. State, 74 S. W. Rep., 556; Smith v. State, 74 S. W. Rep., 557; Wiggins v. State, 47 Texas Crim. Rep., 541; Clifton v. State, 46 Texas Crim. Rep., 22. The same rule with reference to burglary has been followed in a number of cases. See Glenn v. State, 76 S. W. Rep., 758; and the same rule applied in arson. See Smith v. State, 52 Texas Crim. Rep., 81; and incest, Skidmore v. State, 57 Texas Crim. Rep., 507; Pridemore v. State, 59 Texas Crim. Rep., 563, 129 S. W. Rep., 1112; Bohannon v. State, 84 Texas Crim. Rep., 8, 204 S. W. Rep., 1165. The general proposition is thus correctly stated: "On a trial for rape where the prosecutrix is under the age of consent, testimony of former acts of intercourse are not admissible unless it has some unmistakable bearing on the case and tends to solve some issue in the case." There may be and are cases arising where extraneous crimes and acts are permissible. Under such circumstances they are only admissible to explain some pertinent fact in the case such as *res gestae*, showing intent, or to connect defendant with the matter under investigation. These acts are not admissible under any of the exceptions. The issue was fairly and squarely made in the case by the State that the act was committed as set out in the indictment by positive evidence of the girl with some sustaining evidence from other witnesses. The defendant, taking the stand in his own behalf, denied the intercourse. The prior acts as testified by the girl could not, therefore, be used under any of the exceptions to the general rule. They are not *res gestae*, because some of them occurred years before, and all of them occurred some time prior to the particular act for which appellant was tried. There could be no question of intent. The testimony of the girl with reference to prior acts did not connect the defendant with this act. The best that could be said of this was that if appellant may have committed prior acts, therefore he may probably have committed the act charged in this case, but this character of evidence is not brought within the exceptions. Her corroboration, if it be sought to be used for that purpose, was of no greater cogency than her testimony in regard to this particular act. Incest is a crime not of a continuous nature, but each incestuous act would constitute a separate offense for which the party might be punished, and is analogous on this phase of the law to rape. Under the State's view of this case appellant could have been tried for incest or rape. She was his daughter, and any act committed upon her when she was under fifteen years of age would constitute either rape or incest, the difference being that the age limit does not apply to incest, whereas it does to rape without consent where the girl is under fifteen. We are

of opinion that the evidence of the prior acts was inadmissible under this record.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*