## T. O. Rosamond v. The State.

### No. 7824.   Decided June 18, 1924.

**1.—Rape—Bills of Exception.**

Where the term of the court at which the defendant was tried was less than eight weeks, the time in which to file the bill of exceptions did not by law begin to run against him until the date of adjournment, and the court having granted proper extension to file within sixty days, the motion of the State to strike out is overruled.

**2.—Same—Evidence—Other Acts of Carnal Intercourse.**

Where, upon trial of rape upon a female under the age of consent, the evidence fixed the time and place of the alleged offense for which the State elected to seek a conviction, and there was no evidence offered by the defense at this time, and before prosecutrix had been cross-examined, it was reversible error to permit her to testify as to two other acts of intercourse with appellant. Following: Bradshaw v. State, 82 Texas Crim. Rep., 351, and other cases.

**3.—Same—Rule Stated—Other Acts of Intercourse.**

Whatever may have been the previous holdings by this court relative to the matter of other acts of intercourse, it now appears to be settled that proof of such acts other than the one relied upon for conviction are only admissible when they tend to solve some disputed or controverted issue in the case, and not otherwise.

**4.—Same—General Reputation—Evidence.**

Where, upon trial of rape, defendant put in issue his reputation as a peaceable, law abiding citizen, prior to the time the offense in question was charged against him, the State should not have been permitted to elicit on cross-examination of the witnesses over appellant's objection that since the instant charge against appellant, his reputation in the community was bad. Following: Graham v. State, 13 S. W. Rep., 1013, and other cases.

**5.—Same—Evidence—Other Transactions—Cross-Examination.**

Where the court had gone as far as the law authorized in permitting cross-examination and re-examination of the character witnesses relative to what they had heard incident to certain charges against his older daughter, the testimony of said daughter was equivalent to a direct assertion that her father had been guilty of improper conduct toward her, and should not have been introduced, and upon motion of appellant, this testimony should have been withdrawn, and the refusal to do so is reversible error.

Appeal from the District Court of Van Zandt. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of rape upon a female under the age of consent; penalty, thirty-five years imprisonment in the penitentiary.

The opinion states the case.

*Shields & Anthony,* for appellant.—As to former acts of sexual intercourse: Greer v. State, 222 S. W. Rep., 986; Crosslin v. State.

90 Texas Crim. Rep., 467; Norman v. State, 89 id., 330; Rosamond v. State, 249 S. W. Rep., 468.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

HAWKINS, Judge.—Conviction is for rape, with punishment assessed at thirty-five years in the penitentiary.

The state has filed a motion to strike out the bills of exceptions because not filed within the time allowed by order of the court. Sentence was pronounced, motion for new trial overruled, and notice of appeal given on February 5th, at which time an order was entered as follows: "And upon motion of defendant sixty days were allowed to defendant in which to file bills of exception and statement of facts." Court adjourned February 9th. The bills of exception were filed on April 7th. If the sixty days granted by the court runs from the date of sentence the bills were filed too late; if it runs from the date of adjournment they were filed in time. The term of court lasted six weeks. Article 845 Code Criminal Procedure grants by law thirty days from the *adjournment* of court in which to file statement of facts and bills of exceptions unless by law the term of court may continue more than eight weeks, in which event the law gives thirty days from the *date of final judgment* in which to file the statement of facts and bills of exception. The term of court at which accused was tried being less than eight weeks the time in which to file did not by law begin to run against him until the date of adjournment. The court granted sixty days for the filing. To hold that the sixty days should be counted from the date of final judgment in this instance would result in limiting the filing to fifty-six days instead of sixty. We therefore conclude that the State's motion should not be sustained.

Prosecutrix, Thelma Rosamond, was appellant's daughter, and less than fifteen years of age. She testified that on November 20, 1921, her father took her from their home in Van Zandt County to Mississippi; that he had intercourse with her at their home about three weeks before they left for Mississippi. This evidence fixed the time and place of an alleged offense for which the State elected to seek a conviction. Before prosecutrix had been cross-examined even, and when the defense had offered no evidence, prosecutrix was further permitted to testify to two other acts of intercourse by appellant. This was objected to upon various grounds.

The opinions of this court have not been in harmony upon the question. This was adverted to in Bradshaw v. State, 82 Texas Crim. Rep., 351, 198 S. W., 942, and the two lines of authorities referred to. In that case prosecutrix testified upon direct examination to one carnal act. She was attacked by cross-examination, and also by

direct defensive evidence. The State then recalled her in rebuttal when she testified to other acts of intercourse with defendant, and error was assigned because of proof of such other acts. Judge Morrow, speaking for the Court says:

"The writer is of the opinion that such evidence is not to be admitted or rejected in every case, but that its receipt or rejection is to be governed by other facts and evidence, and that in this case it was not error to admit it as tending to solve the issue as to whether appellant had had intercourse with the witness, Ethel McComb, at the time she claimed he did, the truth of her evidence being a controverted fact as developed both by cross-examination by appellant and evidence introduced by him."

In Lawrence v. State, 87 Texas Crim. Rep., 61, 219 S. W., 460, is found this statement:

"Appellant introduced no evidence, and developed no facts controverting the testimony of the prosecutrix as to the act of intercourse. We discern no valid reason for introducing evidence of more than one act of intercourse. . . . It served to establish no controverted issue."

We quote from Crosslin v. State, 90 Texas Crim. Rep., 467, 235 S. W., 905, as follows:

"Appellant objected to proof of more than one act of intercourse upon the ground that it was violative of the rule forbidding proof against one accused of crime of other independent offenses. In the trial of cases of this character, it is right to receive such testimony when it tends to solve some controverted issue. Skidmore v. State, 57 Texas Crim. Rep., 502, 123 S. W., 1129, 26 L. R. A. (N. S.) 466; Bohanon v. State, 84 Texas Crim. Rep., 8, 204 S. W., 1165; Bradshaw v. State, 82 Texas Crim. Rep., 351, 198 S. W., 942; Greer v. State, 87 Texas Crim. Rep., 432, 222 S. W., 986; Higgins v. State, 87 Texas Crim. Rep., 424, 222 S. W., 241. The testimony of the prosecutrix to the effect that the offense was committed by the appellant was controverted by evidence denying any sexual relations and by testimony to the effect that the prosecutrix admitted that her pregnancy was due to the act of another, and that she sought to extort money from the appellant by charging the cause to him. There was no error in admitting the testimony of the prosecutrix to the various antecedent acts of intercourse with appellant."

In Greer v. State, 87 Texas Crim. Rep., 432, 222 S. W., 986, it is said:

"The general proposition is thus correctly stated: 'On a trial for rape where the prosecutrix is under the age of consent, testimony of former acts of intercourse are not admissible unless it has some unmistakable bearing on the case and tends to solve some issue in the case.'"

To the same effect is Rosamond v. State, 94 Texas Crim. Rep., 8, 249 S. W., 468. We have not cited the older cases from this court

upon the point under discussion, but they will be found referred to in the various opinions from which excerpts have been taken. Whatever may have been the previous holdings relative to the matter it now appears to be settled that proof of acts of intercourse other than the one relied upon for conviction are admissible when they tend to solve some disputed or controverted issue in the case, and not otherwise. The Bradshaw and Crosslin cases (supra) are fair illustrations of when evidence of such other acts is properly admitted. There should be no further confusion among the bench and bar as to the principles which control in the reception or rejection of such evidence. Trouble may arise in the application of the principle in given cases, but in the instant case there is none. Here there had been no cross-examination of prosecutrix, hence no disputed issue had thus been injected; neither had appellant offered evidence raising any disputed or controverted issue rendering relevant the testimony objected to.

Appellant put in issue his reputation as a peaceable, law-abiding citizen, prior to the time the offense in question was charged against him. He proved it was good by a number of witnesses among whom was Ike Parker. The State was permitted to elicit on cross-examination of this witness over appellant's objection that since this charge came up against appellant his reputation in the community was bad. The court was in error in permitting the State to inquire into the general reputation of appellant subsequent to the date of the alleged offense, but should have limited the inquiry to his reputation prior thereto. Graham v. State, 29 Texas Crim. Rep., 31, 13 S. W., 1013; Hopperwood v. State, 39 Texas Crim. Rep., 15, 44 S. W., 841. See Cassell v. State, 94 Texas Crim. Rep., 23, 249 S. W., 1079 and Bayer v. State, 96 Texas Crim. Rep., 310, 257 S. W., 242, holding that where the inquiry relates to the reputation for truth and veracity of a witness, or where the issue of suspended sentence is in the case, the reputation inquired about extends up to the time of the trial, but that the rule is otherwise in the absence of these issues.

Appellant had an older daughter by the name of Zula. A number of witnesses were placed upon the stand by appellant who testified that prior to this charge against him he had borne a good reputation as a peaceable law-abiding citizen. Upon cross-examination counsel for the State asked these character witnesses if they had not heard that appellant had paid two fines for indecent familiarity with his daughter Zula, to which some replied that they had so heard. On re-direct examination some of the witnesses testified that they had also heard that his daughter Zula had confessed in a church meeting of some kind that she had falsely accused her father, but they had not themselves heard her make such confession. In this state of the record Zula was called to the stand by the State and testified that she had gotten up in church and said she was ashamed she had told

it on her father, but did not admit that she had lied about it; that she told them she wanted him and the members of the church to forgive her, but did not tell them the statement she had made about the charges was false. It appears from the bill relative to this matter that examination of Zula proceeded until her entire testimony was practically developed before objection was interposed; after the evidence was in counsel requested the court to withdraw it from the jury. This the court declined to do because objection had not been made earlier. This was followed up by a special charge requesting the court to tell the jury to disregard the testimony of Zula which charge was also refused. The testimony of Zula was equivalent to a direct assertion that her father had been guilty of improper conduct toward her, and should not have been introduced. The court had gone as far as the law authorized in permitting cross-examination and re-examination of the character witnesses relative to what they heard incident to such charges. The learned trial judge realized this but fell into error in declining to withdraw the objectionable evidence. Under Section 385, page 215, Branch's Ann. P. C. the author collects many authorities supporting the proposition that "if illegal testimony has been introduced by the State without objection, it is error to refuse to withdraw it on defendant's motion." The testimony of his older daughter may have been, and doubtless was, appropriated by the jury as establishing the fact that appellant had theretofore been guilty of an assault upon her of like character to that for which he was then charged as having made upon his younger daughter.

Many other questions are presented by bills of exception, some of which are incomplete and do not give us sufficient information relative to the matter complained of to enable them to be properly determined, and some things complained of will likely not occur upon another trial.

For the errors discussed the judgment must be reversed and the cause remanded.

*Reversed and remanded.*