## FRANK FOLSOM V. THE STATE.

### No. 10060.   Delivered March 31, 1926.

#### 1.—Rape—Evidence—Of Several Acts—Improperly Admitted.

Where, on a trial for rape, under an indictment alleging but one act of intercourse, it was error to permit the state, before the appellant had introduced any testimony, in making out its case in chief to prove two other acts of intercourse, beside the act relied on for a conviction. This error is so often pointed out in cases of this character that it occurs to us trial courts should obviate future infractions of our holding in this regard. Following Greer v. State, 222 S. W. 460, and other cases cited.

#### 2.—Same—Evidence—Hearsay—Inadmissible.

Where, on a trial for rape, a physician who had made a physical examination of the prosecutrix, it was error to permit him to relate statements made to him at the time of his examination by prosecutrix, that appellant had had intercourse with her. This testimony was hearsay, and was highly prejudicial to appellant, and should not have been admitted.

Appeal from the District Court of Wichita County.   Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction of rape, penalty twenty-five years in the penitentiary.

The opinion states the case.

*J. Earl Kuntz, Walter Nelson Jr.* and *Harry R. Bunnengburg,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is rape and the punishment is twenty-five years in the penitentiary.

The state elected to prosecute the appellant for an act of intercourse alleged to have been committed on the 29th day of July, 1925. In making its case in chief and before the appellant had cross-examined any witnesses for the state and before he had offered any testimony in rebuttal of the state's case, the state was permitted to prove that the witnesses had seen the appellant commit three acts of intercourse with the prosecutrix, one occurring on the 22nd day of July, 1925, one on the 26th day of July, 1925, and one on the 29th day of July, 1925. The state elected to prosecute for the offense alleged to have been committed on the 29th and appellant objected and

excepted to the court's action in permitting the state in making its case in chief to prove other acts of intercourse than the one for which he was on trial. It seems useless to continually review the authorities on this question. The identical question has been decided with great frequency in accordance with the appellant's contention. Under the facts stated above, other acts of intercourse were not admissible and the court's action in allowing them to be proved is reversible error. Greer v. State, 222 S. W. 986; Rosamond v. State, 263 S. W. 297; Lawrence v. State, 219 S. W. 460; Bradshaw v. State, 198 S. W. 942; Skidmore v. State, 122 S. W. 1129; Bohannon v. State, 204 S. W. 1165.

There is another matter that is not objected to in this record but to which we call the court's attention in the event of another trial. The state introduced the physician who examined the prosecutrix. This examination took place some time after the offense is alleged to have been committed. The doctor who made the examination testified among other things as follows:

"I asked the young lady, which question might help me to determine whether or not anything had been done to her, if she had had intercourse with anyone, and she told me she had, and I asked her with whom and she said with her father. I asked how many times and she said twice. She was crying at the time and seemed under the apprehension that her father might be punished for this."

This testimony of the examining physician as to the conversation he had with the prosecutrix was hearsay and was highly prejudicial to the appellant's rights and if objected to it would doubtless have been excluded.

There are various other complaints contained in the record but as they may not occur in the same form on another trial we deem it unnecessary to consider them.

On account of the error in admitting testimony of other acts of intercourse in this case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Morrow, P. J., absent.