## JEWEL REDWINE V. THE STATE.

· No. 5402.   Decided June 11, 1919.

**1.—Murder—Charge of Court—Provoking Difficulty.**

Where, upon trial of murder, it was doubtful whether the issue of provoking the difficulty was in the case, and the issue was rather as to who began the difficulty, a charge of the court which assumed the fact that defendant did provoke the difficulty for the purpose of killing deceased, etc., was reversible error.

**2.—Same—Verbal Charge—Practice in District Court.**

While the bill of exceptions to a verbal charge or address of the court delivered to the jury while testing their qualifications, is probably not reversible error in the instant case, yet it is well enough to emphasize that trial courts should not indulge in addresses of such character as shown by the bill of exceptions.

Appeal from the District Court of Eastland. Tried below before the Hon. Joe Burkett.

Appeal from a conviction of murder; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*S. W. Bishop, J. L. Alford, Fred C. Pearce* and *J. R. Stubblefield,* for appellant.—On question of court's charge or address to the jury; Reed v. State, 74 Texas Crim. Rep., 242, 168 S. W. Rep., 541; Chapman v. State, 42 Texas Crim. Rep., 135;

On question of court's charge of manslaughter; Venteres v. State, 83 S. W. Rep., 832;

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON. PRESIDING, JUDGE.—This case presents the issues of murder, manslaughter and self-defense. Appellant and deceased were unfriendly. There had been some talking by both, and threats were proved on the part of both. There had been trouble between them an hour or so before the killing. The parties had separated. Appellant went home. His child was sick. His wife requested him to go to the drugstore and get medicine prescribed by the physician. He demurred on account of the previous trouble, stating that he did not want to meet deceased. She was tired from waiting on her sick daughter and he went. He took his five year old daughter with him. In passing the butchershop, where the killing occurred, he saw deceased inside. The State's theory was that appellant went to the corner of the building and fired through a window. Appellant's theory was that as he reached the window deceased started out of the house with a large "steel" used by butchers for sharpening knives. Appellant warned him not to come, and as he reached the door appellant fired several shots. There was an exception reserved to the charge on provoking the difficulty. It is contended that the issue of provoking a difficulty was not in the case. If it was it was by reason of the fact that when appellant approached the building he spoke to deceased using insulting epithets. This he denied his testimony showing that deceased used vile epithets to him and started towards him with a butcher steel in his hand. It is a question of who began the difficulty, rather than provoking it. The writer is of opinion that the issue of provoking a difficulty is not in the case, but if that conclusion is wrong, the charge given was clearly erroneous. It is in the following language:

"You are further charged that if you believe from the evidence that the defendant Jewel Redwine provoked the difficulty for the purpose of killing the deceased, Eulon Ellis, and that he, defendant, was afterwards forced to the extremity of killing Eulon Ellis in order to prevent himself from being killed by Eulon Ellis, the right of self-defense would not inure to the benefit of the defendant, and such killing, if any, would be murder.

"You are further charged that if you believe from the evidence that the defendant Jewel Redwine, provoked the difficulty only for the purpose of whipping Eulon Ellis, if he did do so, and that he, the defendant, was afterwards forced to the extremity of killing Eulon Ellis in order to protect his own life, then, in such event, such killing, if any, would be manslaughter."

The criticism is that this charge assumed the fact that appellant did provoke the difficulty, and that he did it for the purpose of killing deceased, and under certain circumstances it would be murder, and under other circumstances it would have been manslaughter. The court is not authorized to assume any fact that is detrimental to the rights of the accused. If the issue of provoking the difficulty is in the case, the court must instruct the jury to first find that

fact, and if they so believe then the charge may properly submit that issue to the jury. The court in no event can assume the fact that provoking the difficulty is in the case. Provoking a difficulty is never given except as a limitation on the right of self-defense, and this only when the accused has done some act or said something which would provoke the deceased into a difficulty with a view of either killing or inflicting punishment upon him. In this instance, however, the court assumed as a fact there was provoking a difficulty on the part of appellant either to kill or to whip deceased. This is erroneous and of such a nature that it requires a reversal of the judgment. The jury gave appellant twenty-five years for murder.

Another bill of exceptions recites at considerable length a verbal charge or address delivered to the jury on Monday morning while testing the jurors for the week as to their qualification. There is a considerable amount of this address devoted to a discussion of the reasonable doubt and how from the viewpoint of the court it ought to be considered. If the court had embodied in his charge the statements he made to the jury it would have reversed the judgment. There are quite a lot of things stated by the court in his address to the jury, which he states is not the law. There have been several opinions written with reference to the matter. The views of the writer have been written and are fully understood. Chapman v. State, 42 Texas Crim. Rep., 135; Attaway v. State, 41 Texas Crim. Rep., 395. Also in dissenting opinion in Reed v. State, 74 Texas Crim. Rep., 242; Tyrone v. State, 77 Texas Crim. Rep., 493. In some of these cases the judgment has been reversed, and in others the judgment was not reversed on that particular question. It will be well enough for courts not to indulge in such addresses as shown by this bill of exceptions. They are not conducive to a legal trial. In this case two of the addressed jurors did sit in the case. The court signs the bill of exceptions showing two jurors sat in the case, with the statement that one of them was related to one of defendant's counsel, and to neither of the two was challenge interposed, although appellant had four challenges remaining after the impaneling of the jury. Under these circumstances the matter might not be considered reversible. But again we express the suggestion that such speeches should not occur. This is not conducive to fair trial. The minimizing and criticism of legal rights by trial courts is not within the contemplation of our jurisprudence. The opposing view is legally correct.

Because of the charge on provoking a difficulty the judgment will be reversed and the cause remanded.

*Reversed and remanded.*