WARREN FOUNTAIN v. THE STATE.

No. 6451. Decided December 21, 1921.

1.—Burglary—Sufficiency of the Evidence.

Where, upon trial of burglary, the evidence was sufficient to sustain the conviction, there was no reversible error on that ground.

2.—Same—Remarks by Judge—Bill of Exceptions—Suspended Sentence.

Where, upon trial of burglary, while the jury panel was being examined and questioned upon the issue of suspended sentence, the court in sentencing another defendant convicted of burglary severely criticised his act and that his sentence was suspended, etc., which, had objection been made at the proper time, would have constituted reversible error, yet the bill of exceptions presenting this matter falling short of showing error, there was no reversible error in the instant case.

3.—Same—Evidence—Bill of Exceptions—Suspended Sentence.

Where the evidence complained of in a certain bill of exceptions was admissible on the issue of suspended sentence, and another bill of exceptions was not sufficiently full to enable this court to review it, there is no reversible error.

4.—Same—Other Offenses—Evidence—Hearsay.

Where, upon trial of burglary, the owner of the burglarized house testified that no goods or property of any kind were taken from the house, but that some of the merchandise had been disarranged, etc., it was reversible error to permit the officer to testify, over objection of defendant, that when defendant was arrested there was found in his suit case a box of neck-ties, etc., and the alleged owner was recalled then and testified that a week before the present burglary his store was entered and twelve dollars worth of nickels and dimes taken, but it developed that this was hearsay testimony, and no other offense was in fact proved to have been committed by the defendant.

5.—Same—Rule Stated—Intent—Other Offenses Must be Proved.

Where intent becomes an issue, proof of other offenses throwing light upon the question is permissible, but before permissible, it must be shown that a prior crime was in fact committed, and with reasonable certainty that

the accused was the guilty party. Following Denton v. State, 43 Texas Crim. Rep., 427, and other cases.

**6.—Same—General Reputation—Evidence.**

Upon trial. of burglary, while defendant was testifying he was asked if he did not at one time give a certain check with another's name signed to it, and was also asked about other offenses, and it appeared in the record on appeal that neither of the incidents testified to were ever merged into a legal complaint against him, the same was reversible error.

**7.—Same—General Reputation—Rule Stated—Suspended Sentence—Specific Acts.**

The suspended sentence law opens the way for the State to prove the general reputation of accused where the issue of suspended sentence is presented by him; but the method of proving general reputation and the limitations incident to it were not changed thereby, and the reputation of deceased is to be proved not by specific acts of misconduct, but by competent evidence to show whether his reputation is good or bad. Following Johnson v. State, recently decided.

Appeal from the District Court of Van Zandt. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Stanford, Sanders & West,* for appellant.—On question of remarks by Judge: Chapman v. State, 57 S. W. Rep., 965; Redwine v. State, 213 id., 636.

On question of other offenses: Buck v. State, 83 S. W. Rep., 390, and cases cited in opinion.

On question of evidence on suspended sentence: Jones v. State, 167 S. W. Rep., 1110, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for burglary. Sentence two years in penitentiary.

As we view the record no necessity exists for detailing the evidence. It is sufficient to sustain the conviction.

It is made to appear by bill of exceptions that while part of the jury. pannel was being examined they were questioned by counsel with reference to their view upon the issue of suspended sentence, appellant having filed an application requesting the submission of that issue. Before the examination was completed a jury in another case reported, in which a suspended sentence was recommended in a burglary case. The trial judge, in discharging the defendant in that case, expressed some views with reference to the law in question, which presumably were objected to by appellant, because used in the presence of the jury pannel being examined, and also in the presence of the jury which

recommended the suspension of the sentence. We are not surprised that the language of the court which is quoted in part was deemed objectionable:

"This burglary is the most heinous crime you could have committed, and we will never break it up by this method. What protection have people from your acts? Young man, if you are ever brought into this court again and it was within my power, I would give you the limit. You can't burglarize peoples' houses at night-time and steal peoples' property and ever be stopped under the suspended sentence law."

The bill of exceptions presenting this matter falls short of showing error. No motion to stand the jurors aside was made, which we suggested in Eason v. State, 89 Texas Crim. Rep., 638, 232 S. W. Rep., 300 would have been the proper practice. The bill fails to show that objection was made at the time; neither does it show that any of the jurors who heard the remarks of the court sat on the jury trying appellant. We cannot presume as to this. The bill must show such facts as will indicate injury. If the bill did show that appellant was compelled to try with jurors in whose presence such remark was made, we would reverse this case upon that ground alone. It is violative of the statute itself, and this court has often expressed disapproval at such conduct of the trial judge, and reversed cases because of it. Chapman v. State, 42 Texas Crim. Rep., 135, 57 S. W. Rep., 965; Murphy v. State, 57 S. W. Rep., 967; Redwine v. State, 85 Texas Crim. Rep., 437, 213 S. W. Rep., 636; Eason v. State, 89 Texas Crim. Rep., 638, 232 S. W. Rep., 300.

The evidence complained of in bill of exceptions No. 3 was admissible on the issue of suspended sentence. Bill of exceptions No. 4 is not sufficiently full to enable us to determine the merit of the question sought to be raised.

Bills of exceptions Nos. 2, 5, 6 and 7 relate to the same subject matter, and will be considered together. The evidence of Mr. Bailey, the owner of the store alleged to have been burglariously entered, was that in the transaction upon which the prosecution was based no goods or property of any kind was taken from the store, but that some of the merchandise had been disarranged; that he caught the appellant in the store presumably before his purpose was accomplished. The sheriff was permitted to testify over objection that when appellant was arrested there was found in his suit case a box containing 119 new nickles. Bailey was then recalled and over objection testified that on Tuesday night, a week before the present burglary charge, his store was entered and twelve dollars in nickles and dimes taken. It developed on cross-examination of this witness that he was serving on the grand jury and had gone to Canton on the Tuesday morning in question; had last seen his nickles and dimes in his cash drawer before leaving. He stayed in Canton, Tuesday, Tuesday night, and Wednesday, returning home Wednesday night, and then missed the nickles and dimes; that he had left the store in charge of his wife during his absence, and did not

know whether she had put the money in the bank or some other place, or who had taken same from the cash drawer. The wife was not called as a witness. When the foregoing facts were developed on cross-examination showing witness' absence at the time he claimed his store was entered on Tuesday night and the other facts connected therewith, appellant requested the court to withdraw Bailey's testimony from the jury, which request was refused. This evidence should not have been permitted to remain for the consideration of the jury. It was shown the witness was testifying to something of which he could have had no personal knowledge. But even if this were not true, the evidence as to this prior transaction ought not to have been admitted. No effort was made to identify the money found in appellant's possession when arrested as that taken from the store on the Tuesday night in question. If he had been on trial for burglary of the store, or theft of the money on that occasion the evidence would have been totally insufficient to convict. The identity of the alleged stolen property as that found in defendant's possession must be shown. (See Sec. 2482, page 1342, Branch's Anno. P. C. for collation of authorities.) From the qualification to the bills presenting this matter it is clear the court admitted this evidence on the issue of intent. Where "intent" becomes an issue proof of other offenses throwing light upon the question is permissible, but before permissible then it must be shown that a prior crime was committed, and with reasonable certainty that accused was the guilty party. Denton v. State, 42 Texas Crim. Rep., 427, 60 S. W. Rep., 670; Williams v. State, 38 Texas Crim. Rep., 128, 41 S. W. Rep., 645; Walton v. State, 41 Texas Crim. Rep., 454, 55 S. W. Rep., 566; Wool v. State, 83 Texas Crim. Rep., 113, 200 S. W. Rep., 1006; (For other authorities see Branch's Anno. P. C., vol. 1, page 100). We think the admission of all the testimony with reference to an alleged prior offense was error; first, because it does not appear with sufficient certainty that any crime was then committed; second, accused's connection therewith, even if a crime was committed, is not shown with the degree of certainty required.

Bills of exceptions 8, 9, 10 and 11 relate to the same subject and will be considered together. While appellant was testifying he was asked if he did not at one time "give J. F. Walters a check with another man's name signed to it," to which he answered that he did not remember exactly, if he did it was a long time ago. He was also asked if he remembered selling to Mr. Walters six eggs and getting some candy, to which he replied that he did not. Mr. Walters was then permitted to testify that at one time appellant gave him a check with Mr. Green's name signed to it, and in a conversation later practically admitted it was a forged check and promised not to pass that kind of a check again. This transaction was four or five years before the trial. About the same time the witness said appellant sold him some duck eggs; that he asked appellant if they had any ducks at home; he

replied "no;" but claimed he got the eggs at home. At the time of these transactions appellant was thirteen or fourteen years old.

We have been unable to find in the record any testimony from appellant or his witnesses making the evidence about the check or eggs pertinent. It was admitted on the issue of suspended sentence. Neither of the incidents were ever merged into legal accusations against him. To permit such evidence even on the suspended sentence issue would be violative of the general rule whereby "general reputation" may be proven, and would require the jury to pass upon too many extraneous issues. In this case before it could be considered they would have to determine that appellant had been guilty of forgery, though never legally charged with it, and from the flimsiest evidence that he had stolen "duck eggs" though no prosecution was ever filed against him. In Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360 this court undertook to review the general rules relative to proof of "general reputation" under the suspended sentence law, and to point out exceptions to the rules admitting proof of isolated acts of misconduct. The question was again discussed in Baker v. State, 87 Texas Crim. Rep., 305, 221 S. W. Rep., 607, and these cases were approved as late as Johnson v. State, (opinion delivered December 14, 1921, not yet reported). We quote from the Baker case:

"The suspended sentence law, Article 865B, C. C. P. opens the way for the State to prove 'the general reputation of the accused where the issue of suspended sentence is presented by him.' The method of proving general reputation, and the limitations incident to it, were understood at the time the statute was enacted, and we find nothing in the law indicative of an intention on the part of the Legislature to change these rules. Prior to the passage of the statute, the reputation of one accused of crime was a subject upon which the State was not permitted to introduce evidence unless invited by the accused. The statute mentioned extends the invitation. The reputation is to be proved, not by specific acts of misconduct, but by competent evidence to show whether his reputation is good or bad. Thompson v. State, 38 Texas Crim. Rep., 340; Fannin v. State, 51 Texas Crim. Rep., 41; Jones v. State, 74 Texas Crim. Rep., 205, 167 S. W. Rep., 110; Branch's Annotated Texas Penal Code, Sec. 148. Specific acts become available when pertinent on cross-examination. Howard v. State, 37 Texas Crim. Rep., 498; and other cases. Branch's Annotated Texas Penal Code, p. 117. The leading case construing the section of the Suspended Sentence Act, relating to proof of reputation, adheres to the rule stated, and we see no reason for expanding it to a degree that it embraces inquiries of a character sought in the instant case nor have the authority to do so. Williamson v. State, 74 Texas Crim. Rep., 290."

Because of the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*