RUDOLFO RODRIGUEZ v. THE STATE.

No. 6595.   Decided January 18, 1922.

1.—Incest—Indictment—Practice on Appeal.

Where, upon trial of incest the indictment followed approved precedent. there was no error in overruling a motion to quash.

2.—Same—Date of Offense—Other Acts of Intercourse—Requested Charge.

Where the date of the offense charged was November 4, 1918, and the prosecutrix testified that an act of intercourse took place on such date, and no mention was made by her of any other occurrence between herself and her father, but it developed on cross and re-examination that another act of intercourse with defendant occurred in January, 1919, and this was also testified to by another State's witness, and the State thereupon elected to rely for a conviction upon the act of November 4, 1918, under a proper charge limiting same to that date, there was no error in refusing a requested charge that the jury could not consider, for any purpose, the evidence of the other act of intercourse.    Following Bradshaw v. State, 82 Texas Crim. Rep., 351.

3.—Same—Other Acts of Intercourse—Evidence.

If evidence of other acts of carnal intercourse fairly tends to shed light upon any controverted issue in the case on trial, it is not a valid objection thereto that it tends to show that the accused was guilty of another offense than the one on trial.    Following Battles v. State, 63 Texas Crim. Rep., 147, and other cases.

4.—Same—Case Stated—Other Acts of Intercourse—Practice in Trial Court.

Where defendant by cross-examination of prosecutrix and by the introduction of evidence contradictory of that given by her sought to destroy the State's case as to the acts of intercourse alleged in the indictment, and denied such intercourse, there was no error in admitting as evidence that after such act of intercourse another act of intercourse was indulged in shortly thereafter.

5.—Same—Accomplice—Charge of Court—Requested Charge.

Where, upon trial of incest, exception was taken to the court's charge because same did not instruct the jury that the prosecutrix was an accomplice, but it appeared from the record that this question was submitted to the jury as one of fact, under a proper charge of the court, there was no reversible error; and there was no error in refusing requested charges on the same subject.

6.—Same—Competency of State's Witness—Discretion of Court.

Where the State's witness was twelve years of age, and testified on his voir dire as to the obligation of his oath as a witness, it was within the discretion of the court to permit him to testify.

**7.—Same—Newly Discovered Evidence—Rule Stated.**

9 new trial will not be granted to obtain newly discovered evidence which is wholly impeaching.

**8.—Same—Argument of Counsel—Practice on Appeals.**

Where the remarks of the private prosecutor were not calculated to prejudice the rights of the defendant to the extent to call for the granting of a new trial, there was no reversible error.

Appeal from the District Court of Bexar. Tried below befoie the Honorable S. G. Tayloe.

Appeal from a conviction of incest; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*C. A. Davies,* and *R. L. Neal,* and *Clifford H. Davis,* for appellant.—On question of accomplice testimony: Stewart v. State, 32 S. W. Rep., 766; Gillispie v. State, 93 id., 556; Bohannon v. State, 204 id., 1165.

On question of other acts of sexual intercourse: Hollingsworth v. State, 189 S. W. Rep., 488; Lawrence v. State, 219 id., 460; Wingo v. State, 229 id., 859, and cases cited in opinion.

On question of child witness: Murphy v. State, 35 S. W. Rep., 174.

On question of argument of counsel: Smith v. State, 68 S. W. Rep., 995; Roach v. State, 232 S. W. Rep., 504.

*R. G. Storey,* Assistant Attorney General, for the State.—On question of other acts of intercourse: Bohannon v. State, 84 Texas Crim. Rep., 8, and cases cited in opinion.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Bexar County of incest, and his punishment fixed at five years in the penitentiary.

The parties involved were Mexicans. The prosecutrix was the daughter of appellant.

Appellant's motion to quash the indictment was correctly overruled. Said indictment was in approved form and charged that appellant on a certain date in Bexar County carnally knew Natalia Rodriguez, she being then and there his daughter.

The date of the offense charged was November 4, 1918, and that an act of intercourse took place on such date was testified to by prosecutrix in her evidence in chief. On said examination no mention was made by her of any other occurrence between herself and her father. She was subjected to a grueling cross-examination in an apparent effort to show by her admissions and surrounding facts, that her testimony was both untrue and unreasonable. She was also cross-examined vigorously upon matters tending to show that she had had

intercourse with another than appellant, and that such other person was the father of the child of prosecutrix. After a redirect examination by the State, prosecutrix was again subjected to a long cross-examination of the same character as mentioned. On another redirect examination she was asked relative to another act cf intercourse with appellant, and then testified that in January, 1919, her father again had intercourse with her, and that a boy named Lopez caught them in said act. Thereafter Lopez, testifying for the State, gave evidence that in January, 1919, he caught appellant and his said daughter in an act of intercourse. The State elected to rely for conviction upon the act of November 4th, and the trial court told the jury in the charge that they could not consider evidence of any other act of intercourse between appellant and his said daughter than the one of November 4th, for any purpose except insofar as same showed appellant's guilt of said act of November 4th. There was no exception taken by appellant to this charge, but complaint is here made because of the refusal of appellant's special charges Nos. 2 and 3 which sought to have the jury instructed not to consider for any purpose evidence of any act of intercourse save that of November 4th. We think such charges correctly refused, and that the evidence of the act of January, 1919, was properly admitted. Bradshaw v. State, 82 Texas Crim. Rep., 351; Alexander v. State, 82 Texas Crim. Rep., 431. In the Bradshaw case we held evidence of other acts than the one directly charged, was admissible as tending to solve the contested issue as to whether the accused had had intercourse with his daughter on the occasion alleged in the indictment, that fact being sharply controverted by the cross-examination of the prosecutrix and by the evidence introduced for the appellant.

It is to be regretted that our decisions are not in entire accord on this question. The authorities on both sides are referred to in the Alexander case, *supra,* but are not discussed at length. In Burnett v. State, 32 Texas Crim. Rep., 86, this court stated in the opinion that the sole question raised in the case was whether the State could prove the crime of incest by evidence of more than one act, and further stated this was not an open question, and the introduction of other acts was upheld, and the case affirmed without statement of the fact; so that we might decide independently whether we thought such evidence admissible or not. In Clifton v. State, 46 Texas Crim. Rep., 18, on authority of Ball v. State, 72 S. W. Rep., 384; Smith v. State, 73 S. W. Rep., 401, and Barnett v. State, 73 S. W. Rep., 399, the Burnett case was overruled and a contrary doctrine announced. We doubt the similarity of principle in the three cases cited as authority in the Clifton case. In the Burnett case referred to, not only did the prosecutrix, who was a girl under the age of consent, the case being one of rape, testify positively to the alleged act, but the accused was shown to have confessed, and manifestly evidence of other acts than the one charged could tend to solve no disputed issue arising on such facts, and could only serve the purpose of enhancing the penalty.

The Smith case also referred to as authority, states no facts from which we may know if evidence of other acts would therein tend to solve any controverted issue. The objection of appellant stated in the opinion in said case was that the evidence of· such other acts did not tend to shed light on any controverted issue, and the ground for holding evidence of such other acts inadmissible, as stated in said opinion, was simply that it formed no part of the *res gestae* and did not identify the accused. Clearly this was too restricted a statement of the purpose for which evidence of other ·acts might be used. The Ball case, also referred to, is confusing. It is stated in the opinion therein that no objection was made in proof of similar acts of intercourse prior to the one charged, the case being one of statutory rape, and that the subsequent acts objected to, were not' acts of carnal intercourse but of cruel conduct on the part of the accused toward the prosecutrix, and were offered to show that he was domineering, coercive and capable of controlling her will. After indulging in some *obiter* discussion, said opinion concludes by saying: "It was accordingly error to admit such subsequent acts." In the Clifton case, *supra,* the accused was under a number of indictments for the different acts of intercourse with prosecutrix, which fact ·was shown on the trial, as was also the further fact of assaults of other character by the accused on the prosecutrix, which evidence of conduct other than amounting to intercourse was said by this court in the opinion to be in no way connected with acts of intercourse.

Upon the authority of the cases just discussed, and practically without further reasoning, it was held in the Clifton case that all of this testimony should have been excluded. In Wiggins v. State, 47 Texas Crim. Rep., 538, also a statutory rape case, upon the authority of the Smith and Barnett cases, *supra,* evidence of other acts than the one charged, was held inadmissible. So, by the same judge rendering the Wiggins' opinion, in French v. State, 47 Texas Crim. Rep., 571, an adultery case, other acts were held inadmissible. Also in the Gillespie case, 49 Texas ·Crim. Rep., 530, in an opinion by the same learned judge, wherein the other act of intercourse in testimony was ten years removed from the one charged. In the Skidmore case, 57 Texas Crim. Rep., 497, this court seemed to hold contrary to the opinion in the French case, *supra,* but reviews and reaffirms the holding in the Clifton case, *supra.* The entire discussion in the Skidmore case appears to be pitched on the proposition that each act of intercourse is a separate offense, and to allow proof of separate acts would place upon the accused the burden of defending against a number of disconnected offenses. In our opinion the vital point upon which is rested a decision of the question of whether other acts of intercourse should be admitted or not, was not discussed in the Skidmore case. If evidence of other acts fairly tends to shed light on any controverted issue in the case on trial, it is not a valid objection thereto that it tends to show the accused guilty of another offense than the one on trial.

Wright v. State, 56 Texas Crim. Rep., 357; Betts v. State, 60 Texas Crim. Rep., 631; Williams v. State, 24 Texas Crim. App., 412; Golden v. State, 22 Texas Crim. App., 1; Roman v. State, 64 Texas Crim. Rep., 515; Whitehead v. State, 39 Texas Crim. Rep., 89; Haley v. State, 87 Texas Crim. Rep., 519, 223 S. W. Rep., 202. The correctness of the opinion in the Skidmore case was challenged in a vigorous dissenting opinion by Judge Ramsey. The same holding and siimlar dissent appear in the Pridemore case, 59 Texas Crim. Rep., 563. In Battles v. State, 63 Texas Crim. Rep., 147, which expressly overrules many of the above decisions, the rule is announced that evidence of other acts is admissible in a proper case. This is affirmed in Van Smith v. State, 64 Texas Crim. Rep., 454; Cain v. State, 68 Texas Crim. Rep., 507; Williamson v. State, 72 Texas Crim Rep., 618; Vickers v. State, 75 Texas Crim. Rep., 12; Hollingsworth v. State, 80 Texas Crim. Rep., 299; Bradshaw v. State, 82 Texas Crim. Rep., 351; Alexander v. State, 82 Texas Crim. Rep., 431, and appears to us to announce a rule consonant with reason in a proper case.

Reverting to the facts in the instant case, we observe that not only did appellant by cross-examination of prosecutrix, and by the introduction of evidence contradictory of that given by her, seek to destroy the State's case as to the act of intercourse on November 4th, but that he also denied, when a witness, any such intercourse with her at all. It can hardly be doubted but that the conclusiveness of the testimony of prosecutrix to the act of November 4th, would be greatly aided by proof *aliunde* of the act of January following. It would not need argument to make clear the proposition that if the State elected to prosecute for an act of November, a confession of the accused being proven of his participation in an act a short time after that which was alleged, would have great weight in deciding the guilt and in inducing belief in the controverted story of the prosecutrix concerning the November transaction. We think the principle in the Bradshaw case, *supra,* correct and applicable.

Exception was taken to the court's charge because same did not instruct the jury that Natalia Rodriguez was an accomplice. We do not think it error for the court to refuse to himself decide this issue. The Mexican girl, prosecutrix herein, was examined and cross-examined at much length. In her testimony she states that when her father came to where she was in the field, at the place where the act was claimed to have taken place, he whipped her with his hands and threw her down, and that she resisted by screaming and pushing him away and shoving him off, and that he told her to shut up or he would kill her; that he tore her clothes and bruised her up, and that she did not consent to what was done. She says she screamed as many as twenty times, and that when she screamed she pushed him off. It is true that she told no one of the occurrence for a long time afterward, and that in another part of her testimony she says she made no effort to prevent him from doing this. She was a foreigner, and from many

expressions appearing to her testimony, she was possibly not thoroughly acquainted with our language and lacked facility for expressing what she intended to say. These were all matters before the jury and to be considered by them in determining the question of fact submitted to them by the court as to whether or not she was an accomplice. The court's charge relative to this matter was as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense.

"An accomplice as the word is here used, means any one connected with the crime charged, either as principal, accomplice, or accessory. It includes all persons who are connected with the crime by unlawful act or omission on their part, transpiring either before, at the time of, or after the commission of the offense, and whether or not they were present and participated in the commission of the crime.

"Now, if you are satisfied from the evidence that the witness Natalia Rodriguez was an accomplice, or you have a reasonable doubt as to whether she was or not, as that term is defined in the foregoing instructions, then you are instructed that you cannot convict the defendant upon her testimony unless you first believe that the testimony of said Natalia Rodriguez is true, and that it connects the defendant with the offense charged in the indictment and unless you further believe that there is other evidence in the case, corroborative of the testimony of said Natalia Rodriguez tending to connect the defendant with the commission of the offense charged.

"You are further charged that the said witness Natalia Rodriguez was not an accomplice if you find from the evidence that she did not consent to said carnal intercourse. But if you find that she did consent to said act or did not oppose the same then in such event she would be an accomplice."

Appellant asked two special charges, in one of which he sought to have the court tell the jury that Natalia Rodriguez was in fact an accomplice. The other charge presented what could in no event be a correct proposition of law. Same contains the following:

"In determining whether or not her testimony given in behalf of the State is accomplice testimony, you must find from the evidence that the alleged act of intercourse, alleged to have occurred on the 4th day of November, A. D., 1918, could not have occurred without her consent, or that she did not oppose it, and if you have a reasonable doubt thereof then you will find that she is an accomplice, unless you further believe from the evidence that she, at the time of said alleged act of intercourse, was forced by the defendant to have said act of intercourse with him, or if you have a reasonable doubt as to either of the above conditions, then you will find that said Natalia Rodriguez is an accomplice," which is manifestly confusing and incorrect as will appear from an analysis of its statements.

We do not think the witness Louis Lopez incompetent. He was twelve years of age, and on his *voir dire* stated that he knew what would happen to him if he did not tell the truth; they would punish him. On examination by appellant's counsel the boy stated that if he should tell a lie and die, he would be condemned, that he would go to hell. Permitting such witness to testify was no abuse of the discretion of the trial court in such matters.

A new trial will not be granted to obtain newly discovered evidence which is wholly impeaching, as is that evidenced by the affidavit of T. Lopez. Branch's Ann. P. C., Sec. 202.

Appellant finds serious objection to the remarks of private prosecution in what is called his attempted peroration, in that said· attorney used the following language: "Some where in this world there were longing eyes of a little infant baby brought into the world by the heinous act· of this defendant upon his daughter, and that said attorney was greatly interested in what would become of said little child." The State claimed that from the alleged incestuous intercourse a child was born, and the proof showed that in fact a child was born to prosecutrix shortly after her marriage to another, which child she claimed to be the result of the act of January with appellant. We are not of opinion that the remarks attributed to the prosecution and above complained of, are so calculated to prejudice the rights of the appellant before the jury as to have called for the granting of a new trial.

Finding no error in the record the judgment of the trial court will be affirmed.

*Affirmed.*