## J. O. ROSAMOND v. THE STATE.

Decided March 31, 1923.

No. 7251.   Rehearing Denied March 21, 1923.

### 1.—Rape—Female Under Age—Other Acts of Sexual Intercourse.

There may be exceptions, but until in some way the testimony of the prosecutrix is attacked, or it is made to appear, that evidence of other acts of sexual intercourse tend to solve a disputed issue, such other acts are inadmissible in evidence. Following Crosslin v. State, 90 Texas Crim Rep., 467, and other cases.

**2.—Same—Evidence—Other Acts of Intercourse.**

The evidence of the girl as to other acts of intercourse with defendant recently before the one charged in the indictment, might thus become material as tending to solve the issue raised by the doctor's testimony as to her condition, and such testimony of other events might then be made admissible.

**3.—Same—Evidence—Opinion of Witness—Leading Question.**

Where the matter calls for the opinion of the witness he should not have been permitted to give it without showing that he was able to relate something of the conversation; besides the testimony introduced was in response to a leading question, and the error being harmful, the judgment must be reversed, and the cause remanded.

**4.—Same—Rehearing.**

While commending the zeal of the counsel for the State, this Court regrets that it is unable to agree with their contention that it was error to hold that the answer of the witness was but an opinion or conclusion of the witness; even if the question was not leading.

Appeal from the District Court of Van Zandt. Tried below before the Honorable Joel R. Bond.

Appeal from the conviction of rape; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

*R. M. Lively, Stanford Sanders,* and *West,* for appellant.—On question of other acts of sexual intercourse: Greer v. State, 222 S. W. Rep., 986; Wiggins v. State, 84 id., 821; Smith v. State, 105 id., 501; Skidmore v. State, 123 id., 1129; Pridmore v. State, 129 id., 1112.

*A. A. Dawson,* County Attorney, and *R. G. Storey,* Assistant Attorney General, for the State.—On question of testimony of defendant's brother: Mann v. State, 44 Texas, 642; Navarro v. State, 6 S. W. Rep., 542; Robertson v. State, 109 S. W. Rep., 160; Burk v. State, 124 id., 658; Graham v. State, 163 id., 728.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Van Zandt County of the offense of rape, and his punishment fixed at twenty-five years in the penitentiary.

The injured female was a girl fourteen years old, the niece of appellant. She testified to a complete act of intercourse with her uncle in his house about the date alleged in the indictment, and was then permitted over objection to testify to a number of other acts of intercourse between them at different times and places. The admissibility of this evidence is challenged. We seriously doubt the admissibility of evidence of other acts of intercourse in a case like this as a part of the State's proof in the making out of its case originally. There may be exceptions to this, as in the case which was discussed by us in Rodriguez v. State, 89 Texas Crim. Rep., 373, 236 S. W. Rep., 726, but in that case evidence of other transactions was held admissible after the defense in various ways had sought to break down the testimony of the prosecuting witness, and because of the fact that the State was

able to corroborate the prosecutrix in her testimony regarding an act different from the one immediately charged, by other testimony. We have no difficulty in believing the evidence as to other acts admissible in such case. However, until in some way the testimony of the prosecutrix is attacked, or it is made to appear that evidence of other acts tends to solve a disputed issue, our opinion would be adverse to the admission of such testimony. See Crosslin v. State, 90 Texas Crim. Rep., 467; Bradshaw v. State, 82 Texas Crim. Rep., 351. After the prosecutrix left the witness stand, the State introduced a doctor who testified that he was called upon to examine her some time after this alleged occurrence with a view of ascertaining if she was pregnant. He testified that from his investigation he concluded that the girl had frequently prior thereto, had intercourse with men or a man. On cross-examination of the girl the appellant drew from her admissions of intercourse with two small boys some three years prior to the alleged occurrence in this case. Said doctor testified that in his opinion an act of intercourse with each of two boys about ten or eleven years of age, occurring three years before the alleged act of intercourse with appellant in this case, would not produce the condition which he found to exist in the private parts of the prosecutrix. The evidence of the girl as to other acts of intercourse with appellant recently before the one charged in the indictment herein, might thus become material as tending to solve the issue raised by the doctor's testimony as to her condition, and such testimony of other events might then be made admissible.

The State rested its case after introducing the testimony of the little girl, the doctor mentioned, and a sister of the deceased mother of the prosecutrix. The appellant then introduced the testimony of a large number of character witnesses to his good reputation for being a peaceable, law-abiding citizen and a man of honorable conduct. Appellant himself then took the stand and denied in toto any acts of intercourse with prosecutrix or improper conduct with her at any time or place. As rebuttal evidence the State introduced appellant's brother. Two bills of exception reflect objections made by appellant to portions of the testimony of this witness. It appears from all the testimony of said witness in the statement of facts that he was not certain as to anything said between himself and his brother in a conversation which the State sought to elicit. The State wound up its direct examination of this witness by asking him the following question: "In that conversation between himself and you, in substance, was his conversation to the effect that he had had carnal intercourse with her?" This was objected to on the ground that it was leading and was calling for the opinion of the witness as to what was said by the appellant, and was putting into the mouth of the witness a confession of guilt by the defendant, which said witness was unwilling

to testify to until he was informed by the county attorney as to what he wanted him to say. It is made to appear that when the objection to this testimony was overruled, that said witness answered "Yes, sir." To us it seems clear that said question was objectionable. The witness had positively declined to state a word or a line or a syllable of the conversation, and had stated that he could not say whether at that time appellant was charged with having had intercourse with the girl, and that he could not tell what was said in that conversation, and that he could not repeat the conversation, and that he did not know anything about it, and that he could not relate the words that passed between them, and that he did not know anything about the substance of the conversation, and that there were very few words passed between them. This all appears in the direct testimony of said witness, and said direct testimony was concluded by the asking of the question and the giving of the answer which are set out in the bill of exceptions, and are above referred to. We think the matter called for the opinion of the witness and that he should not have been permitted to give it without showing that he was able to relate something of the conversation, and that the question was leading and suggestive. There had been testimony introduced suggesting improper conduct between appellant and an older sister of the prosecutrix. After the conclusion of the direct testimony above referred to, the witness made the following statement on cross-examination:

"I took it for granted that my brother had carnal intercourse with Thelma; he told me something to that effect—I couldn't tell you exactly the words. I 'taken' it for granted that he was talking about her; as for me knowing what he had in his mind, I don't know; I couldn't say really that it was Thelma; he didn't come out and call any names."

We quote this as reflecting the fact that the question asked and objected to and the answer given, should not have been permitted. Aside from the testimony of this witness, the case was resting almost entirely upon the testimony of the girl. Her testimony made out a case. Testimony of appellant negatived the conclusion of guilt. The introduction of this opinion by defendant's brother could not fail to be very harmful to him.

For the errors mentioned the judgment is reversed and remanded.

*Reversed and remanded.*

ON REHEARING.

March 21, 1923.

HAWKINS, JUDGE.—The State through the Hon. A. A. Dawson, County Attorney of Van Zandt County, has filed a motion for rehearing in which it is most earnestly urged that we were in error in reversing the judgment. We cannot too highly commend the zeal of the prosecuting officer in this instance, and a like interest manifested

generally by such officers in following their cases to this court would aid us materially in the discharge of our duties which daily grow more onerous from the increasing number of cases presented for review.

We regret that we are unable to agree with counsel's contention that we were in error in holding that the answer of appellant's brother in the affirmative to the question: "In that conversation between himself and you, in substance, was his conversation to the effect that he had had carnal intercourse with her?" was an opinion and conclusion of the witness. Our attention is directed to the qualification of the learned trial judge to the bill of exception presenting this matter. Accepting the qualification that the witness was an unwilling witness and that he had brought himself with an exception permitting leading questions, still we are unable to reach any other conclusion than that the question elicited an opinion from the witness which is not permissible however unwilling he may be, nor to what extent he may have brought himself within the rule permitting a leading question. Our opinion does state that the question was "leading and suggestive," but we think an examination of it will disclose that it was based upon our view that in whatever form the question was put, and whether permissible or not under the qualification of the court, it still called for and permitted the witness to express his opinion and conclusion rather than to give the substance of the language, and permit the jury to draw their conclusions therefrom.

Believing our original opinion properly disposed of the case, the motion for rehearing is overruled.

*Overruled.*