## McKNIGHT v. STATE.  (No. 8403.)

(Court of Criminal Appeals of Texas. Nov. 5, 1924.)

1. **Criminal law ⬅369(8)—Admission of evidence as to subsequent acts of intercourse held error, where first act was by consent.**

In prosecution for statutory rape on female between 15 and 18, intercourse being by consent, admission of evidence of acts of intercourse subsequent to first *held* error, since, under Pen. Code 1911, art. 1063, first act rendered female unchaste, and no prosecution could be predicated on subsequent acts.

2. **Criminal law ⬅982—Subsequent acts of intercourse could not be considered in determining defendant's right to suspended sentence.**

In prosecution for statutory rape on female between 15 and 18, intercourse being by consent, evidence of acts of intercourse subsequent to that charged could not be considered in determining question of defendant's right to suspended sentence, as specific acts of misconduct are not provable.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Lee McKnight was convicted of statutory rape, and he appeals. Reversed and remanded.

Adams & Moore, of Nacogdoches, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Appellant is condemned to five years in the penitentiary, under conviction for rape upon one Ruby Welsh. It is a consent case.

Prosecutrix is alleged to have been under the age of 18 years. The evidence is uncontroverted that prosecutrix was over 15 and under 18 years of age. The defense is predicated upon the averment that she was not chaste.

Prosecutrix testified that the first time she met appellant she went with him in com-

pany with other parties to Cherino. She denies that any improper relation occurred between them on this trip. Some days later at a time which witness fixed as before Christmas, she was again in company with appellant, and testified that on this occasion she indulged in an act of intercourse with him in "Hamilton's pasture." During the direct examination of prosecutrix, when there had been no denial on the part of appellant of this act of intercourse, and before anything had occurred which made proof of other acts admissible, the state over appellant's objection proved that about a week later appellant again had improper relations with her, and also that a third act of intercourse occurred between them at her home, in the absence of her father and mother, on February 8th. The objections urged to proof of these subsequent acts were (a) that the state had already shown that prosecutrix was more than 15 years of age at the time the first act occurred in "Hamilton's pasture," and hence she was necessarily at the time of said subsequent acts of unchaste character; (b) that the proof of subsequent acts was prejudicial to appellant in that it showed separate and distinct transactions; and (c) that at the time the state made proof of subsequent acts the evidence of prosecutrix as to the first act had not been attacked, and that proof of the subsequent acts did not tend to solve any disputed issue in the case. Appellant made no denial of carnal relations with prosecutrix in "Hamilton's pasture"; but asserted this to be the second act of intercourse with her, and that the first occurred on the night of their trip to Cherino. There is other evidence tending to show that previous to any such relations with appellant she had extended carnal favors to another man.

[1] The court was in error in admitting evidence of subsequent acts of intercourse after the state had proven the one claimed by it to have been the first, and as having occurred in "Hamilton's pasture." If appellant was guilty of rape, it was upon that act, and no prosecution for such crime could be predicated upon any act of intercourse occuring thereafter, because by prosecutrix's own admission the act in "Hamilton's pasture" was indulged in willingly by her, and, even if previous to that time she had never had intercourse with another man, her act in the pasture with appellant did render her unchaste. Article 1063, P. C.;

Cloninger v. State, 91 Tex. Cr. R. 143, 237 S. W. 288; Pinkerton v. State, 92 Tex. Cr. R. 449, 244 S. W. 606; Norman v. State, 91 Tex. Cr. R. 486, 239 S. W. 976. As we understand the record the evidence of subsequent carnal acts did not tend to solve any controverted issue. The only issues at all controverted in this case were whether the act in "Hamilton's pasture" was the first with appellant, and whether before he had such relations with her at any time she had not already become unchaste by indulging with another man. Crosslin v. State, 90 Tex. Cr. R. 467, 235 S. W. 905; Bradshaw v. State, 82 Tex. Cr. R. 351, 198 S. W. 942; Rosamond v. State, 94 Tex. Cr. R. 8, 249 S. W. 468; Rosamond v. State, 263 S. W. 1067.

[2] The learned trial judge charged the jury that appellant could be convicted if at all only upon the act which occurred in "Hamilton's pasture," and limited their consideration of evidence of subsequent acts to determining whether appellant was entitled to a suspended sentence. Accused, having objected to proof of these subsequent acts of intercourse when the state offered it then followed it up by a timely exception to the charge, upon the ground that the court was authorizing use by the jury upon the issue of suspended sentence of evidence not admissible for that purpose. In this respect we think the court fell into error. Under the facts of this case as developed we fail to perceive how the state could avail itself of subsequent acts for any purpose. As said before no prosecution for rape could be based thereon, and, if such acts constituted an offense of any kind, no criminal charge was ever legally instituted, so that they appear as evidence of specific acts of misconduct only, which are not provable upon the issue of suspended sentence. Johnson v. State, 91 Tex. Cr. R. 582, 241 S. W. 484; Fountain v. State, 90 Tex. Cr. R. 474, 241 S. W. 489; Waters v. State, 91 Tex. Cr. R. 592, 241 S. W. 496; Alexander v. State, 95 Tex. Cr. R. 497, 255 S. W. 408.

Some complaint is made that the charge is confusing, in that some paragraphs are in conflict with others. If any apparent confusion arises, it is because of the facts in evidence of several acts of intercourse. This condition will likely not arise upon another trial.

For the errors discussed, the judgment is reversed and the cause remanded.