GEORGE SHARP V. THE STATE.

No. 9375. Delivered October 21, 1925.

Rehearing Granted November 25, 1925.

**1.—Rape—Evidence—Of Two Acts—When Admissible.**

Where, on a trial for rape, appellant denies any act of intercourse, and seeks to show that other parties were in a position to, and probably did, commit the act which caused the prosecutrix to become pregnant, there was no error in permitting the prosecutrix to testify as to other acts of intercourse with the appellant. Under such circumstances, however, the State can be required to select a transaction upon which to seek a conviction. Following Crosslin v. State, 235 S. W. 905, and other cases cited.

**2.—Same—Evidence—Size of Prosecutrix—Properly Admitted.**

On a trial for rape, there is no error in admitting testimony as to the size of the prosecutrix at the time of the commission of the offense, and at the time of the trial. Such evidence would be available to the defendant, and for the same reason is available to the State.

**3.—Same—Evidence—Properly Admitted.**

There was no error, on a trial for rape, in permitting the State to prove that appellant was seen about the house of the mother of prosecutrix at about the time of the alleged commission of the offense. His presence there was a circumstance tending to establish that he was in a position to have committed the offense, at and about the time charged in the indictment.

**4.—Same—Argument of Counsel—Improper.**

While it is not proper practice for the prosecuting attorney in his argument to complain of or discuss the exclusion of testimony by the court, in the instant case the offending by State's counsel in this regard, in the light of the infliction of the minimum punishment, will not be held sufficiently harmful to demand a reversal, although in many cases such conduct might demand the reversal of the case.

**5.—Same—Argument of Counsel—On Suspended Sentence—Not Improper.**

Where prosecuting attorney in his argument to the jury inveighed against the suspended sentence, in a forceful way, no reversible error is shown, unless prejudicial and unwarranted conclusions and deductions are drawn, calculated to unjustly arouse the prejudices of the jury against the appellant.

ON REHEARING.

**6.—Same—Argument of Counsel—Held Reversible Error.**

On rehearing a careful reconsideration of the argument of State's counsel with reference to excluding testimony, convinces us that we were in error in our original opinion, in holding such argument not to require a reversal of the cause.

**7.—Same—Continued.**

The rule seems to be well settled in this State, that it is improper for the State counsel to get before the jury in argument a fact which he would not be entitled to prove, the effect of which is damaging to appellant, by asserting what he could and would have proven, if appellant had not objected to the testimony. See Branch's P. C., p. 205. To permit such practice would result in a citizen being tried, not on the sworn evidence of witnesses on the stand, but upon statements of the prosecuting attorney as to what he could have proven, if permitted, and for this error the motion for a rehearing is granted, and the cause reversed.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

The opinion states the case.

*Rogers & Rogers* and *G. C. Barkman,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

### OPINION.

BERRY, JUDGE.—The appellant was convicted in the District Court of Bowie County for the offense of rape and his punishment assessed at confinement in the penitentiary for a term of five years.

The appellant complains by bill of exceptions No. 1, at the court's action in permitting the State to prove by the prosecuting witness that the defendant had intercourse with her at two different times. It is the right of the State to introduce such testimony when it tends to solve some controverted issue, and in this case, the testimony of the prosecutrix to the effect that the offense was committed by the appellant was controverted by evidence of the appellant denying sexual relations with prosecutrix, and also by much testimony tending to show that other parties were in a position to and probably did commit the act of intercourse which caused the prosecuting witness to become pregnant. Under this state of the record there was no error in admitting the testimony of prosecutrix to the other act of intercourse with the appellant. Crosslin v. State, 235 S. W. 905; Gregory v. State, 244 S. W. 615; Rosamond v. State, 249 S. W. 468; 263 S. W. 297; 263 S. W. 1067; McKnight v. State, 265 S. W. 892; Gregory v. State, 92 Tex. Cr. Rep. 574; Ables v. State, not yet reported.

As stated, however, in the Crosslin case, supra, it was the appellant's right to have the prosecution select a transaction upon which it would seek to convict him, as each act of intercourse constituted a separate and distinct offense; but in this case, we fail to find any suggestion in the record that appellant sought to have the State elect on which act it would prosecute. With the record in this condition, no error is perceived with relation to the matter complained of in said bill of exceptions No. 1.

Complaint is made by proper bill to the action of the court in permitting the witness Rosie Owens to state that there was not much difference between the prosecuting witness' size now and her size at the time the offense was alleged to have been committed. There is no error manifested by this bill. It was certainly not harmful to the appellant to show that the prosecutrix was as large at the time the offense was alleged to have

been committed as she was at the time of the trial, and this is the full substance of the testimony objected to.

Appellant also complains at the court's action in permitting the state to prove that he was seen about the house of the mother of the prosecutrix during the summer of 1923. The indictment charges that the offense was committed in August 1923 and the objection contained in the bill of exceptions is to the effect that unless the state could show what the defendant was at the home of the prosecutrix's mother for, the testimony was irrelevant and immaterial. This objection is without merit. It was the right of the state to show as a circumstance in the case that the appellant was in a position to have committed the offense at and about the time charged in the indictment.

By many bills of exception, appellant complains at the conduct of the district attorney in his closing argument, in referring to the fact that he was not permitted to cross examine the wife of the appellant as fully as he desired to do. It seems that the court had sustained the appellant's objection to certain questions asked the wife of the appellant by the district attorney and these bills show that the district attorney referred to this matter many times in his argument and his references were all in the nature of complaints at his inability to cross examine the appellant's wife concerning the matters not brought out by the appellant. Prosecuting officers will as a rule abide by the court's ruling without complaint, and the conduct of the prosecuting attorney in this case is not to be commended; but in view of the fact that the appellant was given the lowest penalty under a state of facts that might have justified a more severe penalty we are not disposed to hold that this misconduct of the district attorney is shown to have prejudiced the appellant's case, and the complaints with reference thereto are overruled.

By bill of exceptions No. 12, the appellant complains at the argument of the district attorney with reference to the suspended sentence. We have carefully examined this argument and do not find any reversible error in connection therewith. It seems to us to be a rather forceful but probably not an unfair argument touching the question of a suspended sentence.

Finding no reversible error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

BERRY, JUDGE.—This case was affirmed at a former day of this term of court.

Appellant in his motion for rehearing renews his contention that the argument of the district attorney in the case presents reversible error. In the original opinion we held in effect that the argument should not have been made but disposed of the proposition on the theory that harm probably did not result to the appellant on account of the argument. A careful reconsideration of these complaints convinces us that we were in error. Upon more mature consideration of the case, we think that the effect of the argument of the district attorney was such as to have probably influenced the jury in returning a verdict of guilty against the appellant. The rule seems to be well settled in this state that it is improper for the state's counsel to get before the jury in argument a fact which he would not be entitled to prove and the effect of which is damaging to the appellant. Branch's P. C. P. 205. The same authority makes it clear that it is improper for state's counsel in arguing the state's case to the jury to state what he could have proved had not the defendant objected. We think the argument in this case transgressed these rules. Not once but many times during the course of the argument, the bills of exceptions show that the district attorney, at least by plain inference, if not by direct statement, advised the jury as to the matters that he would have proved by appellant's wife had no objection been made to her testifying. This, we think, was improper and should not have been indulged in. It is true, as stated in the original opinion, that the appellant was given the lowest penalty, and the facts as disclosed by the state's testimony might have justified a higher penalty, but a careful examination of the statement of facts discloses that the question of the actual guilt of the appellant was sharply contested and the state's testimony is not so overwhelming as to justify our original holding that the argument probably did not enter into the jury's deliberations in arriving at the conclusion that the appellant was guilty of the offense charged.

Because of the improper argument of the district attorney, the appellant's motion for rehearing will be granted and the judgment reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.