## WILL SISK v. THE STATE.

### No. 11495.    Delivered April 4, 1928.

**1.—Forgery—Sentence and Judgment—Inaccuracies—Should Be Avoided.**

In this case the charge of the court submitted only the second count of the indictment, charging the possessing of a forged instrument, while the judgment and sentence are for forgery. Such errors which are of frequent occurrence should be avoided.

**2.—Same—Evidence—Of Extraneous Transactions—Erroneously Admitted.**

Where, on a trial for forgery, the state was permitted to prove by a witness that a man named Auguston brought a check into the store of witness and attempted to cash it, and that Auguston was accompanied by a man who looked like appellant, and to prove by appellant on cross-examination who was asked relative to this same transaction, the admission of this testimony was error, notwithstanding that appellant had testified on direct examination that he had not at any time been connected with any other check.

**3.—Same—Continued.**

The fact that appellant affirmed in general terms that he had never been connected with any other check would not authorize the state, under his plea for a suspended sentence, to prove an isolated instance connected with a totally different check from the one involved in the case on trial. See Johnson v. State, 91 Tex. Crim. Rep. 582, and other cases cited.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for forgery, penalty two years in the penitentiary.

The opinion states the case.

· *Fred C. Chandler* and *Ernest W. Belcher* of Stephenville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for forgery, punishment two years in the penitentiary.

In passing, attention is called to the fact that the charge of the court submitted to the jury only the second count in the indictment wherein appellant was charged with the passing of a forged instrument, and to the fact that the judgment and sentence are for forgery, which is not in consonance with the verdict and the charge of the court. We frequently have to call the attention of trial courts to inaccuracies and errors of this kind, which should be avoided.

Appellant filed an affidavit asking for a suspended sentence, which was denied him by the verdict of the jury. As materially affecting this issue, complaint is made in bills of exception Nos. 1 and 2 of the admission of testimony from witness Riley, and of matters elicited from appellant on cross-examination when he took the witness stand. Bill No. 1 shows that the witness Riley stated that a man named Auguston brought a check into his store at Granbury, Texas, and attempted to cash it. He said that Auguston was accompanied by a man who looked like appellant. Auguston was arrested and subsequently tried for said offense. When appellant took the witness stand in his own behalf he was examined and asked relative to this same transaction. This bill is qualified by the trial judge who states in effect that he let said testimony in because appellant had testified on direct examination that he had not at any time been connected with any other check. This explanation, in our opinion, fails to remove the error. The fact that appellant affirmed in general terms that he had never been connected with any other check, would not authorize the state, when the only issue before the jury was as to appellant's good reputation, to prove an isolated instance, a separate criminal connection with a totally different check from the one involved in the case on trial. It seems to us that each bill manifests error. Mr. Riley was not a character witness for the defense, but was a witness for

the state and testified directly during the state's rebuttal and went into details of another forgery case in a different county in an effort to connect appellant therewith.   This could not be done for the purpose of showing appellant's guilt herein, and apparently such was not its purpose.   Nor could such proof be made in order to let the jury conclude appellant did not have a good reputation, and, therefore, should not be given a suspended sentence.   It was not shown that appellant had ever been legally charged with or tried for the Granbury transaction. See Johnson v. State, 91 Tex. Crim. Rep. 582; Fountain v. State, 241 S. W. 489; McKnight v. State, 265 S. W. 892; Bowman v. State, 265 S. W. 1038; Walters v. State, 91 Tex. Crim. Rep. 592; Moore v. State, 91 Tex. Crim. Rep. 118; Petiett v. State, 100 Tex. Crim. Rep. 255.   We are unable to say that had this evidence been excluded the jury would not have seen fit to grant appellant a suspended sentence.   This is a valuable right, and the admission of the testimony may have deprived appellant thereof.   We also desire to call attention to the fact that in the charge of the court herein it is stated that appellant plead guilty.   In the judgment it is recited that he plead not guilty.

For the admission of the testimony above mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*