JESSIE MCDOWELL V. STATE.

No. 25133. January 31, 1951.
Rehearing Denied March 14, 1951.

*Ross Hoffman,* Brady, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for the possession of whiskey for the purpose of sale in a dry area, a jury having assessed the punishment at a fine of $500.00 and 60 days in jail.

In addition to its proof that the area was dry, the state offered testimony to the effect that appellant arranged for the rental of Cabin No. 3 in the Rockway Courts.

George Langston, a son of the proprietor of the courts, testified that on April 4, 1950, he arranged for such cabin for appellant for two days and saw him carry three pasteboard cartons from his car into the cabin, their contents being unknown to him.

T. R. Gholson, an employee of the Texas Liquor Control Board, testified that on April 5, 1950, he searched said Cabin No. 3, under authority of a search warrant, and found therein two pasteboard boxes each containing numerous bottles of intoxicating liquor, the amount of whiskey found being well in excess of a quart. Other officers who accompanied Gholson corroborated such testimony.

Appellant did not testify or offer evidence in his defense.

Objections were made to the court's charge and a charge was requested to the effect that George Langston was an accomplice whose testimony must be corroborated.

The trial court was correct in refusing to give such charge, the evidence not showing that the witness was an accomplice.

Bill of Exception No. 1 shows that upon the voir dire examination of the jury panel, the county attorney asked the jurors "Gentlemen, I do not wish to embarrass any of you, but have any of you ever had any business dealings with the defendant Jessie McDowell," whereupon the court laughed in a manner audible and visible to the jury. The complaint is to the conduct of the court.

No ground of objection is stated in the bill, and no facts are stated in connection with the matters which indicate injury to appellant. See Fountain v. State, 90 Tex. Cr. R. 474, 241 S.W. 489.

The evidence is sufficient to sustain the jury verdict, and there was no error in the trial court's refusal to instruct the jury to return a verdict of not guilty.

Appellant excepted to the court's charge wherein he instructed the jury in effect that the failure of the defendant to testify should not be considered as a circumstance against him, nor commented upon, mentioned or discussed by the jury when they retired to consider their verdict.

Appellant did not testify, and the form of the charge given appears to be a correct statement of the law. We see no prejudice or harm to appellant shown by this bill.

The evidence being sufficient to sustain the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant contends that we erred in holding the facts sufficient to support the conviction, and that the witness Langston was not an accomplice.

The facts have been again reviewed in the light of these contentions, and we remain convinced that a correct conclusion was reached originally. Moreover, a conviction for a violation of the liquor laws may be had upon the uncorroborated testimony of an accomplice. Sec. 8, Art. 666-23a, Vernon's P. C., renders unnecessary a charge upon corroboration of accomplice testimony.

The motion for rehearing is overruled.

Opinion approved by the court.