J. T. HART v. STATE

No. 28,418. June 27, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*L. D. Hartwell,* Greenville, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the possession of whiskey, for the purpose of sale in a dry area, with a prior conviction for an offense of like character alleged to enhance the penalty; the punishment, 15 months in jail and a fine of $750.

Appellant operated a cafe in the city of Cooper, Delta County, Texas, which is referred to in the testimony as being located on a lot adjoining the "light plant pool property." The state's testimony shows that, on the night in question, State Liquor Board Inspector Delbert H. Pearson and Deputy Sheriff L. D. Wright observed appellant come out of the back door of his cafe, cross a fence, walk to the bank of the pool, reach down by the edge of the water, pick up a half-gallon fruit jar, and return to his cafe. Later, the two officers again observed appellant come out of his cafe and again walk to the pool and pick up another half-gallon fruit jar, and start back to his cafe. Upon the inspector's saying something to him, appellant threw the jar toward the pool. Upon hearing a splash, Officer Wright ran to the pool, in the direction where he heard the splash, and picked up a half-gallon fruit jar full of white liquid from the water, near the edge of the pool. Both officers testified that they smelled and tasted the liquid in the jar and that, in their opinion, it was moonshine whiskey. The testimony further shows that, upon being asked by Inspector Pearson if he had any more whiskey, appellant answered, "no, this is all I have;" and appellant was then placed under arrest.

The record does not reflect that the whiskey was introduced in evidence.

It was stipulated that Delta County was a dry area, and

proof was made by the state of the appellant's prior conviction as alleged in the information.

We find the evidence sufficient to support the conviction and overrule appellant's contention that it is insufficient to show that he possessed the whiskey in question.

By Bill of Exception No. 2 appellant complains of that portion of the county attorney's closing argument to the jury in which he stated "that Charlie Hart, (meaning the defendant) knowns where that whiskey is."

Appellant insists that such statement constitutes reversible error as being a reference to his failure to testify.

The bill of exception, as qualified by the trial judge, shows that appellant's objection to the argument was sustained and the jury instructed not to consider the same. In his qualification to the bill, the court certifies that the county attorney made the statement in direct reply to argument made by counsel for appellant, wherein he stated, "why hasn't the whiskey been produced in court," and further certifies that the statement was made by state's counsel in such a manner, and while he was looking at and addressing appellant's counsel, that the same could in no way have been interpreted by the members of the jury as having been a reference to the appellant's failure to testify.

For the argument to offend against the statute, Art. 710, V.A.C.C.P., prohibiting allusion to or comment upon the failure of a defendant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the defendant's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto. McDowell v. State, 155 Tex. Cr. R. 519, 236 S.W. 2d 815.

We do not construe the statement of the county attorney as necessarily referring to the appellant's failure to testify. As viewed from the jury's standpoint, it was merely an assertion by the county attorney that appellant knew where the whiskey was at the time of the trial. The court's qualification of the bill, which was accepted by the appellant, certifies that the statement was made in such manner that the same could not be construed by the jury as having been a reference to appellant's

failure to testify. We find no reversible error in the argument complained of in the bill.

The judgment of conviction is affirmed.

Opinion approved by the Court.